### GIBSON ET AL. *vs.* WILSON ET AL.

To make a valid seizure of personal property under a writ of attachment, the officer must go to the place where the property is situate, and there declare in the presence of a citizen of the county, that he attaches it: and he must also take the property into possession.

In a suit by attachment, where an interpleader is filed, the jurisdiction of the court, as between the interpleaders, arises by virtue of the writ of attachment—and if there be no valid service of the writ, there is no suit between the parties to the interpleader.

THIS was an action of assumpsit, determined in the Conway Circuit Court, at August term, 1843, before the Hon. R. C. S. BROWN, one of the circuit judges. Gibson and Allen sued Johnston; the declaration containing but one count, for "keeping stage horses and stage driver," for work and labor, and services, &c. An affidavit and bond for attachment was filed, and a writ of attachment issued, upon which the sheriff returned "executed the within attachment by attaching one small waggon, two grey horses, and two pair of harness, as the property of John W. Johnston, on the 7th day of July, 1842, and *declared* the same *attached* in the presence of James Allen, a citizen of Conway county." Wilson and Boyle filed their interpleader, claiming the two horses, and alleging that before the service of the writ, the horses were, and still continued to be, their own absolute property, and praying that after due proceedings had, the

right thereunto might be adjudged to them. The plaintiffs, for plea to the interpleader, alleged that before Johnston sold the horses to Wilson and Boyle, he was indebted to them in the sum mentioned in their declaration, for keeping the same horses, whereby the same horses became liable for the debt. To this there was a demurrer, assigning for cause, that no averment in the interpleader was denied, nor was there anything alleged which could avail the plaintiffs or entitle them to the proceeds of the property; that the replication admitted a sale to, and valid title in, Wilson and Boyle, but demanded a trial, and concluded with a verification: the demurrer was sustained, and the plaintiffs filed two other pleas, the first alleging the plaintiffs to be public inn-keepers, and that they, being such inn-keepers, Johnston being the owner of the two horses, delivered them to the plaintiffs to be kept for reasonable compensation; that they so kept the same horses until Johnston became indebted therefor in the amount mentioned in their declaration, and while so in their keeping and possession, the sale of the horses by Johnston (if any was made) was made to the interpleaders. The second, alleged that the horses were liable to be sold by virtue of the levy, and were liable for the amount claimed against Johnston in their declaration. There was a motion to strike these pleas from the files, but the motion was overruled; issue was joined to the pleas, trial by jury, and verdict for Wilson and Boyle. The plaintiffs moved for new trial, and the motion was overruled. The plaintiffs appealed.

*Linton & Batson*, for appellants.

*Cummins*, contra.

*By the Court*, LACY, J. The plaintiffs in error, brought assumpsit upon an account, exhibited against John W. Johnston, and sued out a writ of attachment to be levied upon his two horses and a wagon as his property. The writ came to the hands of the officer, and the return upon it is, that he attached the horses. This is evidently no execution of the writ, or a compliance with the statute in such cases. A writ of attachment is required to be levied upon personal property

by the officer's going to the place where it is situated, and there declaring, in the presence of one or more citizens of the county, that he attached the same: and he is required to take the property into possession. In the present instance, the property never was in custody of the officer. It constantly remained, and now is, for aught this court knows, in the possession of the plaintiffs. Upon this state of case, the defendants in error came into court and interpleaded their title to the property acquired by purchase from Johnston, and this title the plaintiffs resisted, alleging that they were inn-keepers, and had a prior lien upon the horses for necessary charges in keeping them. It is perfectly manifest, that between these parties, the circuit court had not cognizance of the cause. Its jurisdiction to hear and determine it, as between the interpleaders and the plaintiffs, arises by virtue of the writ of attachment, and as that was no valid service, of course there was no suit in court between them. The judgment therefore, in this particular, must be reversed.