St. Louis, Alton and Terre Haute Railroad Co. *v.* Todd.

of the suit in chancery in which the injunction was issued, alleged that "the said bill of complaint was afterward, on the hearing of said cause in chancery, dismissed by said Will county Circuit Court," etc.

The plaintiff in error replied, *nul tiel record.*

It appeared from the record of the proceedings in chancery, that the suit was "dismissed *without prejudice,*" and it was insisted this was a fatal variance between the record set out in the plea and the one produced in evidence in support of the plea.

---

## ST. L., A. AND T. H. R. R. CO. *v.* TODD.

### (January Term, 1865.)

RELEASE OF ERRORS—*by reason of an injunction.* Where a party against whom a judgment has been rendered, obtains an injunction by which he seeks only to stay proceedings subsequent to the judgment, as to restrain the plaintiff from further proceedings under an execution issued upon such judgment, the granting of such injunction will not operate as a release of errors in the proceedings in the suit at law prior to and including the judgment.

SAMUEL TODD instituted an action of trespass on the case against The St. Louis, Alton and Terre Haute Railroad Company, to the September Term, 1864, of the Circuit Court of Coles county, and the trial thereof resulted in a judgment in

favor of the plaintiff below for the sum of two hundred and fifty dollars damages, and his costs of suit.

On the twenty-fifth of the October following, an execution was sued out upon that judgment, and placed in the hands of the sheriff, who levied the same upon certain personal property cf the company.

Before any sale had taken place under the levy, the company exhibited their bill in chancery in the Circuit Court, setting up, in substance, that the proceedings in the suit at law were erroneous, but there would not be sufficient time to procure a transcript of those proceedings and apply for a supersedeas, before a sale would be made of the property levied upon by virtue of the execution; and moreover, it was alleged in the bill that the company held real estate situate in Coles county at the time the levy was made upon the personal property, and it was insisted the real estate should have been levied upon and exhausted before a levy could properly be made upon personalty. Todd and the sheriff and others were made parties defendant, and the bill concluded with a prayer for an injunction, as follows: "And that in the mean time your Honor order the issuance of an injunction, addressed to the above parties and all persons acting through or under them, restraining them from the sale of said property, or from any other act, whereby any further action may be taken with said execution in the premises until the hearing of said cause in this behalf; and that on the hearing, your Honor decree a release of said property, and the payment by said parties to orator the damages arising by reason of the wrongful levy of said execution on said personal property, and its detention," etc.

The master in chancery ordered the clerk to "issue a writ of injunction in this cause in conformity with the prayer of the bill;" which was accordingly done, and served upon the parties.

Afterward, the company brought the original suit at law to the Supreme Court, upon writ of error; and at the January Term, 1865, of this court, Todd, the defendant in error, interposed a plea, setting up the granting of the injunction, and claiming that it was a stay of the judgment at law, and

St. Louis, Alton and Terre Haute Railroad Co. *v.* Todd.

operated as a release of all errors in the proceedings in that suit. An issue was formed, and the question presented is, did the granting of the injunction in this case operate to release the errors in the proceedings in the suit at law?

Mr. George W. Parker, for the plaintiff in error.

Messrs. O. B. Ficklin and John Scholfield, for the defendant in error.

Per Curiam: We are of opinion, that the granting of the injunction in this case did not operate as a release of errors in the proceedings in the suit at law prior to and including the judgment. The bill simply prayed for an injunction to restrain the plaintiff in the judgment from further proceedings under his execution, and did not seek in any way to stay the judgment. In the case of *McConnell et al.* v. *Ayres*, 3 Scam. 210, this court drew the distinction between the granting of an injunction to stay proceedings prior to the judgment, and an injunction of the judgment itself. In that case the court said: " Although upon the filing a bill of discovery, an injunction to stay proceedings at law should be granted, yet that would not operate as a release of errors, because, to produce that effect, there must be, according to the statute, an injunction of a judgment at law; and where no judgment has been rendered, the proceedings in their incipient stage only are stayed."

The same distinction holds good, where, by the injunction, it is sought only to stay proceedings subsequent to the judgment, and which does not at all affect the judgment itself. As was said in the case cited, in order that the granting of an injunction shall operate as a release of errors, there must be, according to the statute, an injunction of a judgment at law. Such not being the case here, the issue will be found for the plaintiffs in error.

The defendant has leave to join in error.