W. B. DICKENSON & BRO. v. CHARLES COWLEY, JR.

1. RIGHTS OF THIRD PARTY, *Coming in and Claiming Attached Property; Ch. 164, Laws of 1872, Construed.* One who comes in under chapter 164 of the laws of 1872 and claims property attached or levied on, does not thereby concede the regularity of the proceedings; nor may he, like the defendant, avail himself of errors which are simply sufficient for reversal in direct proceedings therefor. He claims adversely to the proceedings, and can only make such objections as he could if attacking them in an independent collateral action.

2. ATTACHMENT; *Affidavit; Jurisdiction.* Where the only grounds for the issue of an attachment in a case before a justice of the peace are thus stated—"that the defendant is a foreign corporation, or a non-resident of the county"—*held*, that the affidavit was fatally defect-

ive, and furnished no warrant for the issue of the attachment, and that the defect was one which might be taken advantage of by one claiming the property attached.

3. ———— The mere bringing of an action, is no evidence as against a third party that the plaintiff is a creditor of the defendant.

### Error from Brown District Court.

IN an action in a justice's court, wherein *Cowley* was plaintiff and one George Parker was defendant, a constable, upon an order of attachment, seized and held 1,000 bushels of corn, and a lot of other property. *Dickenson & Bro.* served a written notice on *Cowley*, as authorized by § 1 of ch. 164, Laws of 1872, claiming said corn, and that the trial of the right of property would be had before the justice on a certain day. Such trial was had. Parker made no appearance to the action, nor to the attachment proceedings, at any time. As to him the justice continued the action, and *Cowley* caused notice to be published as provided by § 35 of the justices act, and upon such notice, at the time therein fixed, the justice rendered judgment in favor of *Cowley* and against Parker. On the trial of the right of property in said corn, the justice found in favor of *Dickenson & Bro.*, who claimed under an unrecorded chattel mortgage executed to them by Parker. *Cowley* removed the proceedings to the district court by appeal, where a retrial was had at the April Term 1874. On this trial, *Dickenson & Bro.* offered in evidence their chattel mortgage, (which had then been recorded,) and proved its execution and rested. *Cowley* offered in evidence the attachment and other proceedings and judgment in his action against Parker before the justice. The bill of exceptions shows that the district court found and held, "that the 1,000 bushels of corn in controversy belonged to said *Charles Cowley, Jr.*, and gave judgment accordingly." *Dickenson & Bro.* appeal, and bring the case here on error.

*James Falloon*, for plaintiffs in error:

If Cowley acquired any right by virtue of said proceedings, by our laches we have lost our right to the property in

controversy. Did they acquire any right? To the intro-duction of the transcript and papers in case of Cowley v. Parker, in evidence, we raised an objection that the justice had no jurisdiction of the person of Parker, nor of the pro-ceedings *in rem.* Before Cowley could acquire any right to the property in controversy, the court must have jurisdiction of the person, or of the proceedings *in rem.* Without this, it could render a. valid judgment. (*North v. Moore,* 8 Kas. 143.) Did the justice have jurisdiction? Our statute pro-vides that actions must be commenced in justices courts by filing a bill of particulars. - None was filed in the case. The foundation of the suit was neglected.

Before any court can acquire jurisdiction of property in any proceeding *in rem,* it must have the statutory proof be-fore it, otherwise its act and process would be null and void, the same as if it was not a legally-constituted court: 15 Ohio, 440; 14 Johns. 246; 19 Johns. 39; 3 Cowen, 206. See *Re-pine v. McPherson,* 2 Kas. 340; *Shields v. Miller,* 9 Kas. 390; *Hargis v. Morse,* 7 Kas. 415. The affidavit for attachment in the case of Cowley v. Parker stated that the defendant was "a nonresident of Brown county, *or* a foreign corporation." The laws of 1870 require that the affidavit allege that the defendant is a nonresident of *the state.* If a man's property may be attached under such an affidavit, a person living just over the line in another county may be divested of his rights to property when the statute does not contemplate it; else why change the law in 1870 from a nonresidence of the county to a nonresidence of the state. (Drake on Attach-ment, § 84.) The affidavit must also be in the positive, and not in the disjunctive. (Drake on Attachment, § 101.) The return of the order of attachment must show whose property is attached, and that it is attached in the jurisdiction of the court: (2 Kas. 340.) In this case the return of the order of attachment does not show whose property was attached. There was no legal service on Parker, no appearance by him, no statutory proof for order of attachment, no return of order of attachment showing whose property was attached, no bill

of particulars filed. Chapter 164, Laws of 1872, was not intended as a pit-fall, to debar parties of their rights to property, because they go into court and claim the property in controversy to belong to them. Their appearance in court in no manner gives the court jurisdiction in the original suit, if it had none.

*C. E. Berry,* and *W. D. Webb,* for defendant in error:

Plaintiffs in error gave notice to Cowley to appear before the justice to contest the right of property. They could not contest the regularity of the attachment proceedings. The property was in the possession of the officer, and Dickenson & Bro. could not question his right to hold it, except by a superior title in themselves. They could not champion Parker's rights, nor find any fault with the attachment proceedings, unless their title was good as to Parker's creditors. By § 3 of ch. 43, and § 9 of ch. 68, of Gen. Stat., Dickenson & Bro.'s title was void, until taken out of the statute by evidence. They must recover on the validity of their own title; and unless it was good, as to attaching-creditors, they must fail. No evidence was offered to make it good. They could not, on a void title at least, question the affidavit. They could not go back of the attachment, and they cannot require a judgment to be entered. Parker is the only person who could question the regularity of the attachment proceedings. Dickenson & Bro. came into court to show their title as against Parker's creditors, or our attachment; and if their title was good and prior to our levy, they would hold the property; but if it was void as to Parker's creditors, it gave them no right to object to the attachment.

The opinion of the court was delivered by

BREWER, J.: The facts in this case are briefly as follows: Defendant in error commenced a suit before a justice of the peace against one George Parker, and caused an attachment to be issued and levied on a certain lot of corn. Plaintiffs in error came in under ch. 164 of the laws of 1872, and

claimed the property. They claimed under a chattel mortgage given by Parker. The proceedings before the justice were commenced before the filing of this mortgage, and it is conceded by counsel for plaintiffs in error that if Cowley "acquired any right by virtue of said proceedings," the plaintiffs by their laches had lost their right to the property. Could they, coming in as they did, question the regularity of the proceedings? and if so, were these proceedings so far void as to give no lien to Cowley in the corn? The first question, it seems to us, must be answered in the affirmative, to this extent, and no further: they could question them just as though they were attacking them in an independent collateral action. They did not, by coming in, waive all objections to the proceedings, and concede their regularity; nor did they place themselves in the shoes of the defendant in the action, and acquire his right to object to errors in the proceedings. They could not avail themselves of such irregularities as were simply errors sufficient for reversal, but only of such as were fatal to the process and the jurisdiction. Though coming in to the action, they claimed adversely to it. There was a fatal defect in the attachment proceedings. The grounds for the attachment alleged in the affidavit were, "that the defendant is a foreign corporation, or a nonresident of Brown county." There are two objections to this, one that it is in the disjunctive. Drake on Attachments, § 101. The other that nonresidence in *the county*, does not warrant an attachment, but only nonresidence in the state. Laws of 1870, p. 182, § 3. There was therefore no warrant for the issue of the attachment, and the plaintiff in the suit obtained no lien on the goods by the service of the writ. The facts of the case also bring it exactly within the decision in *Repine v. McPherson*, 2 Kas. 340. There was no personal service; the defendant did not appear; nor does it appear from any of the papers that he had any property within the jurisdiction of the court, nor that the property attached was his property. But it is insisted by defendant in error, that the mortgage of plaintiffs in error is void as against the creditors

of the mortgagor, under § 9 of the mortgage statute. (Gen. Stat. p. 584.) It is sufficient reply to this, that as the record stands there is no evidence as against plaintiff in error that defendant in error was a creditor. The mere bringing of a suit, is not evidence of that fact against a third party; and as there was no valid service or appearance, there has as yet been no valid judgment. Further than this we do not care to go. We see that many questions may be raised beyond this, such as these: Was not the mortgage filed within such reasonable time as to bring it within the statute? Will the mere fact that it is shown by parol evidence that the defendant in error was, at the time of the commencement of his action, a creditor of the mortgagor, avoid the mortgage? It will be time enough to dispose of them, if they ever arise, when the facts are fully known.

The judgment will be reversed, and the case remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.