## NOYES and others v. CANADA.

### (*Circuit Court, D. Kansas.* April 26, 1887.)

1. ATTACHMENT—NON-RESIDENT—JURISDICTION—SERVICE.

An attachment in a United States circuit court, in a case where no service was made on defendant, and defendant could not be found in the district, is void, under Rev. St. U. S. § 739, which exempts a party from suit in the United States courts, except in the district in which he is an inhabitant, or may be served with process.

2. SAME—APPEARANCE.

A subsequent appearance of the defendant in the case does not waive the invalidity of the attachment proceedings.

3. SAME—ATTACK BY THIRD PARTIES.

A third party, claiming to own the goods attached, is entitled to set aside the attachment, the defect being jurisdictional.

*James & Johnson* and *John Martin*, for plaintiffs.
*Overmeyer & Safford*, for Miner & Sowers.

FOSTER, J. This proceeding was commenced by the plaintiffs against defendant, Enos Canada, on December 1, 1886, to recover on account of goods sold and delivered to defendant. The petition alleges that the plaintiffs are citizens of the state of Missouri, and that defendant is an alien and a resident of Canada. At the time of filing the petition, the plaintiffs swore out a warrant of attachment and garnishment against the goods and property of the defendant. It appears from the marshal's return on the summons that the defendant was not found in this district, and no service of the writ was made. But, in pursuance of the command of the writ of attachment, the marshal did attach and take into his possession a lot of goods pointed out by plaintiffs' agent as the property of defendant; said goods then being in the possession of Miner & Sowers, who claimed to own the same, and did also serve said Miner & Sowers with process of garnishment.

The garnishees appeared, and moved to discharge the garnishment, and set aside the attachment, on the grounds that they were illegal and void. Pending this motion, and on the twenty-eighth day of March, 1887, at the procurement of plaintiffs, Canada entered a voluntary ap-

pearance to the suit, and filed a general denial to the plaintiffs' petition. Under section 739 of the Revised Statutes a party is exempt from a civil suit in the United States courts, except in the district in which he is an inhabitant, or may be served with process. It is therefore apparent that this court acquired no jurisdiction over the person or property of the defendant until he entered his appearance. This doctrine has been so often decided that plaintiffs' counsel do not controvert it. See *Toland* v. *Sprague*, 12 Pet. 327; *Ex parte Railway Co.*, 103 U. S. 794; *Nazro* v. *Cragin*, 3 Dill. 474; Fields, Fed. Courts, 177, 182.

Nor is it questioned but Miner & Sowers, having been brought before the court on a writ of garnishment, and claiming title to the attached property, have the right to make their objections to the legality of the attachment proceedings. It is urged, however, by counsel for plaintiffs, that the appearance of the defendant, and answering the complaint, operates as a waiver, and cures the objections to the attachment proceedings, not only as to himself, but also as to Miner & Sowers. I do not think so. In the first place, it does not appear that Canada has waived or lost his right to make this objection at any time before judgment. The Code of Procedure of Kansas expressly saves to him that right. Section 228, Code. Undoubtedly, his voluntary appearance to the suit gives the court jurisdiction to proceed to judgment; but that does not necessarily cure the illegality of the attachment proceedings, if timely objection is made. In the second place, if the defendant had waived or lost any rights to object to the proceedings for himself by entering his appearance, I cannot believe he has waived, or can waive, any jurisdictional objection which affects the rights of Miner & Sowers, either by compelling them to appear and make disclosure under the writ of garnishment, or to assert their title or possession to the property.

In *Toland* v. *Sprague*, *supra*, the court held that an appearance and plea to the merits by the defendant makes a valid judgment against him, but in that case the defendant made objection to the attachment proceedings, and the court clearly recognizes his right to do so, but refused to consider that question, because the appellant had not properly presented it in his record. Page 331.

In *Robinson* v. *National Stock-Yard Co.*, 12 Fed. Rep. 361, the court held that, after voluntary appearance by defendant, he could not object to the jurisdiction; but it was not held that he might not object to the legality of the attachment.

In *Ex parte Railway Co.*, *supra*, the plea to the jurisdiction was sustained.

In *Dickenson* v. *Cowley*, 15 Kan. 273, the court held that parties claiming an interest in the attached property could not avail themselves of all and every irregularity and error of which the principal defendant might complain, but they could object to such proceedings as were fatal to the process and the jurisdiction; and on their motion the attachment was dismissed for want of a proper affidavit.

The other questions argued by counsel need not be passed on, as this disposes of the case, and the attachment must be set aside.