Thomson, J.,
delivered the opinion of the court.
On the 8d day of January, 1893, O. F. Mentzer brought suit in the district court of Arapahoe county, against L. Filberg, to recover an alleged indebtedness of $609, and caused a writ of attachment to he issued and levied upon the property and effects of the attachment defendant. On the same day the appellees, Ellison & Sons, commenced their action against L. Filberg, and sued out and levied an attachment upon the same property. The levy of the appellees was subsequent to that of Mentzer: The affidavit upon' which the writ.in Mentzer’s case issued was as follows:
“ State oe Colorado, ) In the District Court of “ County oe Arapahoe, j ss' Arapahoe County.
“ O. F. Mentzer, “ Plaintiff. uvs. “ L. Filberg, N > “ Defendant.
AFFIDAVIT IN ATTACHMENT,
“ O. F. Mentzer of said county, being duly sworn, doth depose and say that L. Filberg against whom the said O. F. Mentzer is about to sue out an attachment, is indebted to him in the sum of six hundred and nine dollars, and that the said demand is due and wholly unpaid.
“ O. F. Mentzer.
“Sworn and subscribed to before me this third day of January, A. D. 1893.
“ Matt Adams, Clerk.
“ By G-. S. Richards, Deputy.”
On the 5th day of January, L. Filberg filed a verified answer to the complaint of Mentzer, admitting the indebtedness to him as stated, and authorizing judgment to be entered *317 against her for the amount with interest. The court, on the following day, on motion of Mentzer, sustained the attachment, and entered judgment according to the defendants’ answer. Special execution was thereupon issued to the sheriff of Arapahoe county, by virtue of which he advertised the property taken to be sold on the 31st day of January, 1893. This proceeding was instituted by the appellees, as plaintiffs, to set aside the judgment sustaining Mentzer’s attachment, in so far as its effect was to give priority to that attachment over the attachment of the plaintiffs, and to enjoin the sale by the sheriff.
The complaint sets forth the affidavit upon which the attachment was issued, averring that b}r reason of its insufficiency the attachment was void, alleging also that the pretended indebtedness was fictitious, that the note purporting to evidence it was not signed by L. Filberg, and that the suit was commenced, the attachment issued, and the judgment entered in pursuance of a fraudulent conspiracy among these defendants. From the admitted facts it appears that the defendant, Adolph F. Filberg, who signed the name of L. Filberg to the note, had ample authority to do so; there was no proof or admission of fraud; and the court very properly found these issues against the plaintiffs. But the court further found that the affidavit was insufficient to authorize the issuance of the writ, and adjudged the attachment void as against the plaintiffs, awarding precedence to the plaintiffs’ attachment. From this judgment the defendants appealed.
The sole question for determination is whether, as between these plaintiffs and these defendants, there was such an attachment of the property of L. Filberg at the suit of Mentzer as to give him the right to prior satisfaction of his claim out of the attached property. The attachment defendant, by waiving all objection to the proceeding and consenting to judgment, could not afterwards, herself, attack the affidavit for insufficiency, and as against her the attachment would hold the property; but did her waiver of her own *318 rights render the proceeding valid as against other attaching creditors'?
The following are sections 92 and 117 of the code :
“Sec. 92. No writ of attachment shall issue unless the plaintiff, his agent or attorney, or some credible person for him, shall file in the office of the clerk of the court in which the action is brought, an affidavit setting forth that the defendant is indebted to such plaintiff, stating the nature and amount of such indebtedness as near as may be, and alleging any one or more of the following causes for attachment, viz.: ” Here follow the grounds of attachment.
“Sec. 117. No writ of attachment shall be quashed nor any garnishee discharged, nor any undertaking given by any person or persons under proceedings by attachment be rendered invalid, nor any rule entered against a sheriff, discharged on account of any informality or insufficiency of the original affidavit, or of the original undertaking given for the attachment, if the plaintiff or the plaintiffs, or some credible person, or his or their agent, or attorney for him or them, shall file a sufficient affidavit in the cause ; or if the plaintiff or plaintiffs or some credible person, or his or their agent or attorney for him or them, shall make with such security as is required by this act, an undertaking to be approved by the court in which said suit may be pending, and when a writ of attachment shall be held to be defective, the same shall be allowed by the court, to be amended in such time and manner as it may direct, and thenceforth the suit shall proceed as if such defective proceedings had been originally sufficient.” * * *
The question before us involves the consideration of the purpose of the affidavit, the conditions under which it may be amended, and the right of subsequent attaching creditors to question its validity. If, when property is attached,- there is no service of summons upon the defendant and no appearance by him to the action, the proceeding is purely in rem. The jurisdiction of the court is confined to the property attached, and, if the attachment fails, there is nothing for the *319 court to adjudicate. It can render no judgment of any kind. If the defendant is served with summons, or appears to the action, the proceeding is both in personam and in rem. The court has jurisdiction of the person by virtue of service of its process, or of appearance; and of the property by virtue of the attachment. But the court acquires no jurisdiction of the property merely by virtue of its jurisdiction of the person. Waples on Attachment, 107, 332.
An affidavit is an essential prerequisite to the issuance of a writ of attachment. The statute is prohibitory in its terms. It provides that no writ shall issue except upon affidavit filed. The jurisdiction of the court in attachment proceedings depends upon the affidavit, and if none is filed the attachment writ and all proceedings under it are void. Hargadine v. Van Horn, 72 Mo. 370 ; Wright v. Smith, 66 Ala. 545; Eads v. Pitkin, 3 Iowa, 77; Manley v. Headley, 10 Kan. 88; Waples on Attachment, 76.
But the affidavit may, in essential particulars, fall so far short of the statutory requirements that it cannot be regarded as an affidavit for attachment. Two statements of fact are required in the affidavit, and each is indispensable : It must allege an indebtedness from the defendant to the plaintiff; it must also aver the existence of one of the grounds upon which the statute authorizes an attachment. A mere indebtedness gives no right to an attachment; nor does the fact alone that the defendant has placed himself in some position which, by the terms of the statute, would authorize his creditors to proceed against him by attachment. A man to whom he owes nothing cannot attach, and neither can a man to whom he is indebted when there is no statutory cause for attachment. The affidavit must combine the allegation of indebtedness with the allegation of cause. If either is entirely absent, there is no more power to issue the writ than if there were no affidavit at all. Napton, J., in Bray v. McClury, 55 Mo. 135 ; Dickenson v. Cowley, 15 Kan. 269; Updyke v. Wheeler, 37 Mo. App. 680; Miller v. Brinkerhoff, 4 Denio, 118; Waples on Attachment, 104.
*320 Section 117 makes very liberal provision for amendments of informal or insufficient affidavits; and the contention is that this affidavit might have been amended if it had been objected to by the attachment defendant, but that, she having failed to make the objection, the defect cannot be taken advantage of by these plaintiffs. Conceding that where the defect is a mere irregularity the attachment cannot be questioned by other creditors, or by persons who have become interested in the property after the attachment, an inquiry whether the defect in this affidavit is a mere irregularity, or whether the affidavit is a sufficient compliance with the law to be amendable, becomes pertinent. This section provides that no writ of attachment shall be quashed on account of any informality or insufficiency of the original affidavit, if the plaintiff shall file a sufficient one. The “ original affidavit ” mentioned is the affidavit required by section 92. In order that there may be an amendment, there must be an original affidavit to amend, and that affidavit must be, in some measure, a compliance with the section requiring it. It is not meant that an affidavit of any nature, or containing any sort of statement, may, by amendment, be converted into a sufficient affidavit for attachment. On its face it must show at least an attempt to set forth the facts upon which an attachment is authorized. It is not to be supposed that the legislature intended by section 117 to override section 92, or impart validity to something which by the terms of the latter section is a nullity. The two sections must be construed together, and in harmony with each other, as parts of the same act; and we find nothing in the language of either which offers any serious impediment to so construing them. There must, before the writ can issue, be an affidavit filed, and it must set forth an indebtedness, so as to bring the plaintiff within the class of persons in whose favor an attachment is allowed. It must also allege the existence of some condition which the statute makes a ground of attachment, in order to show the right of the plaintiff to resort to this remedy for the collection of his debt. These statements *321 may be imperfect. They may not be sufficiently full, or they may be ambiguous or obscure. Nevertheless, if the affidavit contains them, it is sufficient to invest the court with jurisdiction, and set its machinery in motion. Now section 117 supposes that the court has acquired jurisdiction of the attachment proceeding. It supposes the original filing of an affidavit, which, although defective, contains enough to authorize the writ. A court has no power to make any order in a matter of which it has no jurisdiction; and hence its authority to allow the amendment of an affidavit, or the replacing of an insufficient affidavit with a sufficient one, must be confined to cases in which the insufficiency is not jurisdictional. A want of completeness of statement, or a failure to aver directly that which may nevertheless be gathered from the entire affidavit, may be cured by amendment. Such defects pertain to form rather than substance, and render the proceeding voidable, but not void. But the entire want of an essential jurisdictional fact cannot be supplied ; and liberal as the statute is, it was not intended to permit a party under cover of an amendment to interpose an affidavit where originally there was either none at all, or one so lacking in the statutory requirements as to be equivalent to none at all. See Greenvault v. Bank, 2 Doug. 498 ; Lillard v. Carter, 7 Heisk. 604; Hall v. Brazelton, 40 Ala. 406; Whitney v. Brunette, 15 Wis. 61; Booth v. Rees, 26 Ill. 46.
The affidavit in this case sets forth no cause whatever for attachment. As a statement of indebtedness, it is defective in failing to give the nature of the indebtedness; but if the statement of indebtedness had been coupled with a ground of attachment, so as to be an affidavit for attachment, this defect might have been remedied by amendment. But there being no cause for attachment alleged, the want could not be supplied by amendment; there was no authority to issue the writ, and no lien was obtained upon the goods by its service. It is true that the attachment defendant, by consenting to the attachment, and confessing judgment, has *322 precluded herself from making the objection; but while the attachment would not now be set aside upon her motion, it is void as to these plaintiffs. The validity of their attachment is not disputed, Mentzer’s attachment gave him no lien as against them, and they are entitled to have the property subjected to the payment of their debt unincumbered by his claim. Bell v. Hall's Exec's, 2 Duv. 288 ; Whitney v. Brunette, supra; Dickenson v. Cowley, supra.
We have been referred to some eases, decided by the supreme court of California, in which it was held that proceedings in attachment could not be collaterally questioned where by proper amendment, while in progress, they might have been made regular. We have examined these cases and find no disharmony between them and the general, current of authority. We find in them the same distinction as elsewhere between proceedings which are voidable merely, and" those which are absolutely void. The former cannot he avoided collaterally; a subsequent attachment creditor cannot avail himself of their irregularity ; hut the general doctrine that void proceedings can be assailed at any time, and at the suit of any person interested, is not questioned. In Dixey v. Pollock, 8 Cal. 570, the lien of an attaching creditor was adjudged of no effect as against that of one who attached subsequently, on the ground that the first attachment was invalid for jurisdictional reasons. See, also, Mudge v. Steinhart, 78 Cal. 34.
It is further contended that the remedy of the plaintiffs is not in equity. Counsel have not advised us of any legal remedy at the plaintiffs’ command, and none occurs to us. The attachment defendant hastened to confess judgment long before she was required to appear, leaving the plaintiffs no time to intervene in that action, even supposing that intervention by them would have been proper. We think the facts bring the case within the jurisdiction of a court of equity, and that the plaintiffs have not mistaken their remedy.
•In conclusion, counsel say that the plaintiffs’ injunction operated as a release of errors in the attachment proceedings. *323 The rule sought to be invoked is statutory. Section 146 of the code provides that no injunction shall be granted to stay any judgment at law for a greater sum than the complainant shall show himself not equitably bound, to pay; and that such injunction, when granted, shall operate as a release of all errors in the proceedings at law that are prayed to be enjoined. This section contemplates only an injunction in favor of a party who is liable for the payment of the judgment, and is therefore inapplicable to these plaintiffs. Furthermore, the errors released by an injunction are those only which might be corrected on appeal or writ of error. The statute was not intended to apply to a proceeding which is absolutely void. A final answer to the objection is that this is not a suit to stay a judgment. It seeks to restrain the sale of certain articles of property, but does notin any manner propose to interfere with the judgment, or its collection by general execution.. See R. R. Co. v. Todd, 40 Ill. 89
The judgment will be affirmed.

Affirmed.

Bissell, J., concurs.