SEDALIA MILLING COMPANY, Defendant in
Error, v. STAFFORD COUNTY FLOUR MILLS,
Defendant, HUDSON STATE BANK, Inter-
pleader, Plaintiff in, Error.

Kansas City Court of Appeals, February 17, 1913.

1. **ATTACHMENT: Justices of the Peace: Jurisdiction: Col-
lateral Attack.** In a suit by attachment before a justice of
the peace against a nonresident, the fact that the attached
property is in the township of the justice or an adjoining town-
ship, is jurisdictional; and unless it appears upon the face of
the proceedings before the justice, they are void and may be
attacked collaterally.

2. ———: ———: **Statute: Interpleader.** The statute (Sec. 7636,
R. S. 1909) requires a suit by attachment in a justice of the
peace court to be brought before a justice of the township in
which the property is, or in some adjoining township; and to
confer jurdiction this must appear on the face of the pro-
ceedings before the justice. If it does not, the attachment may
be attacked by an interpleader claiming the attached property.

3. ———: ———: ———: **Constable's Return: Writ not Exe-
cuted.** If the face of the proceedings before a justice of the
peace in an attachment suit shows that the constable did not
execute the writ of attachment, there is no authority to pro-
ceed before the justice and the attachment may be attacked by
an interpleader.

4. ———: ———: ———: **Jurisdiction: Collateral Attack:
Third Persons.** An interpleader for attached property before a
justice of the peace may attack the attachment proceedings for
any defect fatal to the jurisdiction. He may attack it on any
ground upon which it could be attacked collaterally by third
persons.

5. ———: ———: ———: **Nonresident: Return Day: Second
Writ: No Service.** An attachment writ was issued against a
nonresident defendant. without naming a return day, though it
was executed by the constable. To cure the defect, a new
writ was issued and the first one abandoned. There appeared
what purported to be a return of the constable on the second
one; but he afterwards made return stating he had not exe-
cuted the second writ. *Held,* the justice had no jurisdiction
to proceed with the attachment.

Error to Pettis Circuit Court.—*Hon. H. B. Shain,*
Judge.

REVERSED.

*House & Manard,* and *N. E. Johnson* for plaintiff in error.

*H. T. Williams* for defendant in error.

ELLISON, P. J.—Plaintiff's action was instituted by attachment before a justice of the peace in Pettis county, against a milling company residing in Kansas. The Hudson State Bank of Kansas interpleaded for the attached property. The case on the interplea was appealed to the circuit court, where the judgment was against the interpleader bank, and it appealed to this court.

The statute (Sec. 7636, R. S. 1909) as to jurisdiction of justices of the peace in attachment cases, reads as follows:

"Every action by attachment shall be brought before a justice of the township wherein the property, credits or effects of the defendants, or either of them, may be found, or in any adjoining township thereto, or in the township wherein the defendant resides, or in any adjoining township."

It is a familiar rule that the court of a justice of the peace, being an inferior court of limited power, its jurisdiction will not be presumed, but must appear upon the face of the proceedings. [State v. Metzger, 26 Mo. 65; Briggs v. Railroad Co., 111 Mo. 168, 175; Belshe v. Lamp, 91 Mo. App. 477.]

So therefore the record in this case, under the statute just set out, should show that the attached property was in the township of the justice, or an adjoining township. It does not show either of these things and we must hold the justice, and the circuit court on appeal, without jurisdiction (State ex rel. v. Cunningham, 106 Mo. App. 58; Belshe v. Lamp, supra; Sawyer v. Burris, 141 Mo. App. 108; Noyes v. Canada, 30 Fed.

665); unless the case is controlled by this further consideration: The controversy, as now presented, is between the plaintiff and an interpleader. The defendant is not at present concerned. It is therefore insisted by the plaintiff that it can make no difference to interpleader's rights whether the justice had jurisdiction as against the defendant.

That would be true in all matters not fatal to the power to entertain the case. But where the defect is such as to render the proceedings liable to collateral attack, such as absence of jurisdiction, the interpleader, even though regarding him as a third party, may make such attack. It has been frequently so decided. [Dickenson v. Cowley, 15 Kan. 269; Standard Imp. Co. v. Lansing Wagon Works, 58 Kan. 125; Gibson v. Wilson, 5 Ark. 422; Splawn v. Martin, 17 Ark. 146; Jackson v. Bain, 74 Ala. 328; Ballew v. Young, 24 Okl. 182.] In the first of these cases the opinion was written by Justice BREWER, and in the last one it clearly appears that the rule we state is sustained by the great weight of authority.

The interpleader makes a claim of title to the property and the plaintiff resists the claim in the way of denial of interpleader's right, on the ground that he has attached it in an action in a certain court against a defendant who is indebted to him. The merits of the contest between the plaintiff and the defendant do not concern the interpleader and it is said he can have no advantage from any lack of merit in plaintiff's claim or any irregularity in his proceeding not fatal to the jurisdiction of the court in which he claims he has attached it. But if the defense made by plaintiff, as defendant in the interplea, shows he has no attachment, in that the court had no jurisdiction in the attachment case, he may be said to have destroyed his right to contest interpleader's claim.

Another objection to plaintiff's case appears to be shown affirmatively in the record. The writ of at-

tachment seems to have been defective, in that it did not fix a day of trial or return day, and it was abandoned and dropped out of the case. A second one was issued by the justice, curing the defect in the first, and a purported return of the constable is set out on the back thereof. But subsequently the constable made an amended return, stating he never executed the second one. So, according to this, no attachment was ever made and the justice was wholly without jurisdiction to proceed with the attachment.

The matters foregoing seem not to have been called to the attention of the trial court; but being matters jurisdictional, can be raised in this court for the first time.

The judgment is reversed,   All concur.