JOHN G. MACLAY AND JOHN M. VIMONT, Respondents, *v.* WILLIAM N. FREEMAN, Appellant.

1. *Partnership, community of profits essential to.*—An agreement that something shall be done or attempted with a view to gain, and that the gain shall be shared by the parties to the agreement, is the essential characteristic of every partnership agreement.

*Appeal from Cooper Circuit Court.*

*J. Cosgrove,* for appellant.

*Wear & Johnson,* for respondents.

CURRIER, Judge, delivered the opinion of the court.

The defendant is sought to be charged as a member of the firm of Freeman & Brother. At the trial the court, at the instance of the plaintiffs, gave the following instruction: "If the jury believe that the defendant, William P. Freeman, was a member of the firm of Freeman & Brother, at New Palestine, Mo., in November, 1868, and subsequently thereto, or had any interest whatever in the stock of goods there, * * * or in the business of said firm, * * * they will find for the plaintiffs." This instruction cannot be upheld. It states the law of partnership too broadly. The defendant might have had an interest in the stock of goods without being concerned in the *profits* of the business, and the latter is the material matter. An agreement that something shall be done or attempted with a view to gain, and that the gain shall be shared by the parties to the agreement, is

the essential characteristic of every partnership, and is the leading feature in every definition of the term. It is true that a person may be held, under certain conditions, as a partner as to third parties when he is not so in fact, as between himself and those with whom he has claimed to be associated. But that is not the case contemplated by the objectionable instruction.

The judgment rendered by the court is subject to the further objection that it is an entire judgment against three parties, when only one of them appears to have been subject to the jurisdiction of the court. It will be reversed and the cause remanded. The other judges concur.