————o————

Wm. Lucas, *et al.*, Respondents, *vs.* F. M. Cole, *et al.*, Appellants.

1. *Partnership, what essential thereto.*—To constitute a partnership, there must be an agreement between the parties that they will, from a certain day or time, share the profits and be responsible for the losses, and carry on the business for their mutual benefit; and there must be an entering upon or conducting, or doing business under such agreement, or some business preparatory thereto, to make them or either of them liable to third parties as partners.

*Appeal from St. Clair Circuit Court.*

*Burdett & Smith*, for Appellants.

*R. F. Buller*, for Respondents.

NAPTON, Judge, delivered the opinion of the court.

This suit was on a note of which the following is a copy:
                    "St. Louis, Mo., Oct. 27th, 1860.

Six months after date, we, the subscribers, Francis M. Cole and Johnson Dawson of Indian Point, County of St. Clair, State of Missouri, promise to pay to Lucas, Thompson & Co., a firm composed of William Lucas, Charles L. Thompson & John Hicks, Jr., two hundred and eighty-three and seventy-eight hundred dollars for value received, negotiable, and payable without defalcation or discount, with interest at the rate of ten per cent. per annum.

(Signed)                      F. M. Cole,
                              John Dawson."

The defendant, Dawson, denied the execution of the note and denied the partnership with Cole, at the time of its execution. It appears that Cole had been doing business at Indian Point as a merchant, for some years previous to Oct., 1860, and during that month and before the execution of the note sued on, a partnership between him and Dawson was proposed and discussed and agreed on ; that Cole went down to St. Louis and bought the goods for which the note was given, and signed Dawson's name; that upon his return Dawson kept the books of the concern in the name of Cole & Dawson, and supposed himself to be a partner, until in December, when a difference of opinion arose between Cole & Dawson, and as Dawson supposed, the partnership never was consummated. And this was the only question in the case, viz : whether a partnership actually existed between Cole & Dawson at the time of the execution of the note.

The testimony is not preserved on the record, except as to its general tendency, and the only point here, arises on the instructions.

The court declared the law as follows: "If the defendants, Cole & Dawson, on or about the middle of Oct., 1860, and before the date of the note sued on, entered into an agreement to sell goods in co-partnership at IndianPoint, and after said agreement was made, the defendant, Cole, represented to plaintiffs that they were in co-partnership and bought goods and gave a note in the joint names of both defendants, the court will find the issue for the plaintiffs, even though the court may believe from the evidence, that no invoice was taken, and that the said co-partnership was dissolved soon after the 27th Oct. 1860. To constitute a partnership, there must be an agreement between the parties, both consenting thereto, that they will, from a certain day or time, share the profits and be responsible for debts and losses and carry on the business for their mutual benefit; and there must be an entering upon or conducting or doing business under such agreement, or some business preparatory thereto, to make them or either of them liable to third parties as partners."

The question submitted to the court was chiefly one of fact, and the evidence not being preserved, the applicability of the instructions given and refused, to the facts proved, is not a point upon which this court has the means of determining. We see no objections to the declarations of law made on the trial.

The fact that Dawson had agreed on a partnership with Cole, and that Cole bought the goods from plaintiffs after the agreement, and signed Dawson's name to the note for the purchase money, that Dawson kept the books subsequently in the name of Cole & Dawson, go very far to establish the authority of Cole to sign Dawson's name as partner. That Cole represented to plaintiffs that Dawson was his partner is apparent from the note itself. Dawson's name could only have been signed by Cole on such assumption.

The main objection to the instruction given by the court, which was asked by the defendant, but modified by the court, was that the Court considered business "preparatory to the business of the partnership" as binding on the partnership. In this

10—VOL. LVII.

case the preparatory business evidently was the purchase of the goods in St. Louis, and the purchase was manifestly authorized by Dawson, who claimed the co-partnership long after the return of Cole, and kept the books in the name of Cole & Dawson.

The judgment must be affirmed; the other judges concur.