MISSOURI BOTTLERS' ASSOCIATION, Defendant in Error, v. EDWARD FENNERTY, Plaintiff in Error.

St. Louis Court of Appeals, November 28, 1899.

1. **Voluntary Association:** NOT A PARTNERSHIP: SUIT BY ASSIGNEE: COURT OF EQUITY THE PROPER FORUM: PLAINTIFF IN ERROR NOT BENEFITED. The Missouri Bottlers' Association, an incorporated company, assignee, sued defendant, an expelled member, from the voluntary association of the same name, on an account for $222.25 admitted to be owing, and recovered judgment for the full amount; the defense was that the voluntary association was a partnership and could be sued only in a court of equity: Held, that while such voluntary association was not a partnership, yet a court of equity is the proper forum in which to adjust the rights of members in the

property of such association; and held further that, that doctrine could not benefit plaintiff in error, as he had ceased to be a member of the association before the account was assigned on which suit was brought.

2. ——: REGULARLY EXPELLED: NO INTEREST IN PROPERTY THEREAF-TER. When plaintiff in error ceased to be a member of the association by expulsion, that being before the account was assigned, he lost his rights in the property of the association and was therefore in no position to set up or claim any equities in its assigned assets.

3. ——: GOVERNMENT BY BY-LAWS: BOUND BY. A voluntary association may agree to be governed by such rules as they adopt, when not immoral, contrary to public policy, or in contravention of the law of the state, and they measure the duties, rights and liabilities of its members.

Appeal from the Circuit Court of City of St. Louis.—*Hon. Leroy B. Valliant,* Judge.

AFFIRMED.

*Arthur E. Kammerer* for defendant in error.

(1) The voluntary association was not such an association of individuals for profit and gain as to constitute the members thereof partners as to each other. To constitute a partnership there must be such a community of interest as empowers each party to make contracts, incur liabilities, manage the whole business, and dispose of the whole property of the partnership for its purposes, in the same manner and with the same powers as all the partners could when acting together. Bank v. Outhwaite, 50 Mo. App. 124; Deyerle v. Hunt, 50 Mo. App. 541; Musser v. Brink, 68 Mo. 242; Donnell v. Harshe, 67 Mo. 170. (2) Unincorporated associations, having for their objects the mutual protection of their members, the enforcement of the laws of the state, the good will and social intercourse of their members, and the like, are not partnerships, nor are their members entitled to the rights of partners. Parsons on Partnership, sec. 60; Bates on Part-

nership, sec. 75; Richmond v. Judy, 6 Mo. App. 465; Brown v. Stoerkel, 74 Mich. 269; Burt v. Lathrop, 52 Mich. 106; Ash v. Guie, 97 Pa. St. 498; Johnson v. Corser, 34 Minn. 355. (3) Mere community of interest, as joint owners or tenants in common, where none of the parties acting alone can transfer or dispose of the entire property, or act for all others in relation thereto, can not constitute the parties copartners as to each other. Woodward v. Cowing, 41 Me. 1; Hale v. Thayer, 12 Metc. 130, 136; Clifton v. Howard, 89 Mo. 192; Kellogg v. Farrell, 88 Mo. 594. (4) Such membership continued until Fennerty was actually expelled by action of. the association. Kuhl v. Meyers, 42 Mo. App. 474; Society v. Van Dyke, 30 Am. Dec. 263; Bacon Ben. sec, 106; Danbury Cornet Band v. Bean, 54 N. H. 524. (5) The suit was properly instituted in the name of the real party in interest. R. S. 1889, sec. 1990; Hutchings v. Weems, 35 Mo. 285. The title of plaintiff was properly established by proof of the assignment, which recited a valuable consideration. Smith v. Sterritt, 24 Mo. 260. It was not incumbent upon plaintiff to prove the character or amount of the consideration moving from plaintiff to its assignor. Wolff v. Matthews, 39 Mo. App. 376.

*Morris & Fitzgerald* for plaintiff in error.

(1) A justice of the peace has no jurisdiction of an action by one partner against his copartner in respect of partnership matters prior to a settlement between them. Mere participation in profits and losses does not necessarily create a partnership, but there must be such a community of interest as enables each party to make contracts, incur liabilities, manage the business, and dispose of the whole property. Isaac Newberger, Resp. v. S. M. Friede, Apptt., 23 Mo. App. 632; Smith v. Smith, 33 Mo. 557; Lengle v. Smith, 48 Mo. 276; Bond v. Bemis, 55 Mo. 524; Martin & Bros. v. Cropp,

61 Mo. App. 611; Divinel v. Stone, 30 Me. 384; Smith v. Warden, 86 Mo. 382; Nelson Distilling Co. v. Loc, 47 Mo. App. 31.    (2)    The third objection to the referee's report should be sustained by the circuit court, in relation to the assignment of the cause of action to the assignee, this plaintiff, without consideration.    "Consideration mus t be alleged and proved."    Haysler v. Dawson, 28 Mo. App. 531; Spear v. Downing, 34 Barb. 522; 12 Abbott's Pr. 437; 22 How. Pr. 30; Considerant v. Brisbrand, 14 How. Pr. 487; Evans v. Williams, 60 Barb. 346; Ballard Pavement Co. v. Mandel, 2 MacArthur, 351-9; Joachim Kuehl v. Meyer, 50 Mo. App. 648; Holten v. Kansas City & Memphis R. R. Co., 61 Mo. App. 204; R. S. 1889, secs. 1991 and 1992.    (3)  The sixth objection of defendant to the report of the referee should have been sustained by the circuit court, in reference to section 4, article 1 of the voluntary association which *ipso facto* removes a man from membership for three months in arrears of payment of dues and assessments, etc.    Smith v. Knights of Father Mathew, 36 Mo. App. 184, 190; Hogan v. Supreme Council, 76 Cal. 109; Royal Templars v. Curd, 111 Ill. 284; Britton v. Supreme Lodge, 46 N. J. Eq. 102; Huchinson v. Maccabees, 22 N. Y. Sup. 801; Ellerbe v. Faust, 119 Mo. 653; Lorscher v. Supreme Lodge, 4 N. W. Rep. (Mich.) 545; Masonic Society v. Bunch, 110 Ind. 192; Gray v. Supreme Lodge, 20 N. E. Rep. (Ind.) 833; Borgraefe v. Supreme Lodge Knights and Ladies of Honor, 26 Mo. App. 218.

BLAND, P. J.—The suit was begun before a justice of the peace in the city of St. Louis on an account aggregating $222.25.    When the cause reached the circuit court, the case was by mutual consent of parties, referred to J. Hugo Grimm, Esq., as referee, under the order of referee Grimm heard the testimony and made the following report to the court, transmitting therewith the testimony produced on the hearing before him, to wit:

"The facts in this case are practically undisputed and are substantially as follows:

"Beginning at a time prior to August, 1895, and continuing up to April, 1896, there existed an unincorporated association of individuals and firms known as the Missouri Bottlers' Association. The objects of the association are set out in its constitution as follows:

" 'The objects of the Missouri Bottlers' Association is the protection of bottles, boxes, syphons and other property of its members, an earnest effort to abolish the illegal traffic of bottle dealers in said properties, the protection of each other's interests, in accordance with, and by the enforcement of the protective law of the state, and in any other way strive to further the bottling business in the interest of the members, as well as to cultivate friendship and good will and to promote social and business intercourse among them.'

"This association adopted a constitution and by-laws, the latter providing for the payment of an initiation fee of $5 and for annual dues of $12.

"On February 26, 1891, the said association of which defendant was at the time an officer adopted a resolution authorizing certain parties to gather the bottles belonging to the members of the association and that the members pay them for any bottles they may receive from them the sum of fifty cents per hundred. Said resolution further required the members to pay into the association fifty cents for each 100 bottles received from its agents or collectors. These resolutions seem to have been adopted without any dissent, and the minutes of the meeting at which they were adopted are signed by defendant as secretary.

"The account sued on is for $222.25 which is charged to be due said association from defendant for certain dues, assignments and charges for collection of bottles.

"The correctness of the items of the account is not challenged. This account was by said association assigned to the

plaintiff an incorporated company which succeeded the voluntary association.

"The main, and I might say, only ground of defense is that the assignor of the plaintiff was a copartnership of which defendant was a member, and that the account sued on arising out of his transactions as a partner with said partnership an action at law will not lie; that this being clearly an action at law it will not lie, but resort must be had to a court of equity for an accounting; the case having originated before a justice of the peace this can not be viewed as a proceeding in equity for an accounting since that would oust the justice and hence this court of appeal from jurisdiction of the case.

"If, as a matter of law, the association which assigned the claim to plaintiff was a partnership then defendant is entitled to a judgment.    If, however, as to the different members of the association, the relation was not that of a partnership then plaintiff is entitled to recover.

"This case strikes me as one of those cases lying upon the border, and is by no means free from doubt.

"It is not a partnership in the sense that it is a combination by several of their capital or labor for the purposes of business and profit.    Nor again is it a partnership in the sense that the act of any member done on behalf of the association would bind the remaining members.

"On the other hand this association accumulated a fund, and as to this property the members certainly held it in common, and in the view of respectable authorities as partners.

"After considering the case in all its phases and examining the authorities cited by counsel (and some not cited by them) I have come to the conclusion that the relationship existing between defendant and those composing with him the association did not constitute them partners, as to each other so as to compel the association to proceed in equity to collect what defendant owes it in the shape of dues and assessments.

"While I have not been able to find any cases which are

entirely analogous to the case at bar, the case of Hall v. Thayer, 12 Met. (Mass.) 130, is somewhat in point. My conclusion is also supported by 1 Bates on Partnership, sec. 75; 17 Am. and Eng. Ency. of Law, p. 865, note 5. The cases cited in the note just referred to will show that the authorities are not harmonious upon this question. I believe, however, that the weight of authority will sustain the right of plaintiff to maintain this action.

"I understand that the reason for requiring claims by partners against their firms to be adjusted by a court of equity is that there are mutual accounts; each partner must share in profits and losses; to determine what is due him would involve always a determination of the profits, losses, amounts paid in by each partner, amounts drawn out by the partnership, in other words would make such general accounting necessary as required the aid of a court of equity. Here there is no association for business purposes, strictly speaking, there are no accounts between the association and its different members, further than there are accounts of the dues and assessments and amounts paid on account of them. But there is no question of profits or losses involved, no running accounts of the association with its members.

"These persons are not partners as to third persons, nor are they partners as to each other. If it be claimed that because they have an interest in common in some fund which they accumulated that therefore they were partners as to that, yet I do not think that fact would constitute them partners in such a sense as to call for an accounting in equity, where the claim is for certain dues and assessments the amount of which is not disputed, but if it were, could be ascertained without going into a general accounting. The assignment of the account to plaintiff is undisputed.

"This one question is decisive of the case, and if my views are correct plaintiff is entitled to a judgment.

"I therefore recommend that judgment be rendered in

favor of plaintiff and against defendant for the sum of
$222.25 with interest from June 20, 1896.

"The judgment if rendered on June 20, 1898, should be
for $248.91."

Defendant filed his motion to set aside the report of the
referee, which the court overruled and entered judgment on
the findings of the referee against defendant, who after filing
an unavailing motion for new trial filed his bill of exceptions,
and brought the case here by writ of error.

In his printed statement defendant adopts as a part
thereof the facts as set forth in the reports of the referee, but
makes the further statement that before the assignment of
the account sued on was made to the plaintiff, the unincorpo-
rated association had divided its cash among its members, but
gave none of it to the defendant, and that the account was
assigned to the plaintiff without consideration.    The evidence
does show that the cash in the treasury of the unincorporated
association was distributed among its members before the
assignment of the account was made, but it further shows
that defendant was not at the time recognized as a member of
the association.    On the formation of the incorporated as-
sociation the members of the unincorporated one, under the
hand and seal of each member thereof, assigned all of its
assets, including the account sued on, for an expressed con-
sideration of $136.84 to the plaintiff, hence it does not appear
that the assignment was without consideration.    The unin-
corporated association had a constitution and by-laws, by
which its members agreed to be governed.    Of the by-laws
we quote the following:    "Art. IV., sec. 1.    Dues and assess-
ments are payable monthly.    Any member against whom
dues, assessments or fines shall remain unpaid for three
months, after being notified by the secretary, shall be dropped
from the roll of membership, and the secretary shall so notify
the defendant."

"Art. IV., sec. 5.    If any party hereto shall be expelled

from this association, he shall forfeit his, her, its or their rights and title to any moneys in the treasury, or to any property of the association."

On April 23, 1896, the association by unanimous vote struck the name of defendant from the list of its members for non-payment of his dues and account to the association. A voluntary association may agree to be governed by such rules as they may adopt, and when they are not immoral, contrary to public policy, or in contravention of the law of the state, they are binding on the members, and they measure his duties, rights and liabilities. Hyde v. Woods, 2 Saw. 655, and a member may not complain of a decision by the association expelling him from the organization when made in pursuance of a valid by-law of the association. Robinson v. Yates City Lodge, 86 Ill. 598; Osceola Tribe v. Schmidt, 57 Md. 98; Karcher v. Supreme Lodge Knights of Honor, 137 Mass. 368; Burt v. Grand Lodge, etc., 44 Mich. 208; Spurry's Appeal, 116 Pa. St. 391. The courts have no visitorial powers over the rules and by-laws of unincorporated associations, as they have over those of incorporated associations, and so long as they are not in contravention of the law of the land, the member must submit to be governed by them, and when expelled or suspended for their violation, he has no remedy, unless he can show the decision was not in good faith, or was made without notice and an opportunity to be heard. Notice was given the defendant, and the decision for his expulsion seems to have been made in good faith, and in compliance with a valid by-law of the association. Hence we hold that after April 23, 1896 (the date of his expulsion), he was no longer a member of the association, and was not entitled to a share of the cash distributed among the members.

Plaintiff in error contends that the association is a partnership, and that the suit should have been in equity, and for this reason the justice had no jurisdiction over the subject-matter of the suit. This is a mistaken idea of the nature of

the association.   The fundamental idea of a partnership *inter sese* is that it is formed for the purpose of trade or gain in business, and that each has the right to participate in the profits. There was no participation in profits or losses among the members; the association could not embark in any business with a view of making profits; none of its members had authority to buy or sell in the name of the association, or to bind any other members by contracts which he might enter into for the benefit of the association, nor to bind or assign the common property of the association, nor would the association dissolve on the death. of any member.   Maclay v. Freeman, 48 Mo. 234; Campbell v. Dent, 54 Mo. 325; Ashby v. Shaw, 82 Mo. 76; Deyerle v. Hunt, 50 Mo. App. 541. Courts of equity therefore can not claim jurisdiction over voluntary associations on the theory that they are partnerships.   Burke v. Roper, 79 Ala. 138.   However the rights of a member in the property of a voluntary association and the remedy to enforce these rights, are not substantially different from those of a partner in partnership property, and a court of equity is the proper tribunal to enforce them.   Belton v. Hatch, 109 N. Y. 593; McMahon v. Rauhr, 47 N. Y. 67; and it has been held that some of the members of a voluntary association can not maintain an action at law in behalf of the association against another member.   Cheeny v. Clark, 3 Vt. 431; McMahon v. Rauhr, *supra.*   But we are unable to perceive how this doctrine can benefit the plaintiff in error. He ceased to be a member of the association before the account was assigned to the defendant in error, and when he was expelled from the organization he took no property rights with him.   His interest in the property of the association was dependent upon his remaining a member; by the judgment of expulsion he lost all his rights in the property of the association.   McRoberts v. Moudy, 19 Mo. App. 26; In re St. James, Club, 2 De. Gex M. & G. 383; McMahon v. Rauhr, Belton v. Hatch, *supra.*   He is therefore in no position to set up or

claim equities in the assigned assets of the association, or other rights which pertained to those who were members when the assignment of the account was made. The referee found that he owed the money sued for, and we hold that an action at law was the proper remedy to recover the same and affirm the judgment. All concur.