## MEINHART, Respondent, v. DRAPER et al., Appellants.

**St. Louis Court of Appeals, July 18, 1908.**

1. **PARTITION OF PERSONAL PROPERTY: Joint Owners: Sale.** Under section 4432, Revised Statutes 1899, one or more of the joint owners of personal property, other than boats, etc., may bring an action to have such personal property partitioned among the owners, and, if it cannot be divided in kind, to have it sold and the proceeds divided. This applies to a telephone line owned by a number of farmers constructed and maintained for their own convenience.

2. ————: **Partnership.** An agreement to share profits is an essential element of every partnership, and where several persons associated themselves together for the purpose of maintaining a telephone line for their mutual accommodation and convenience, where no profits were contemplated or received, they were not partners, but joint owners of the line which was subject to partition.

Appeal from Clark Circuit Court.—*Hon. E. R. McKee,* Judge.

AFFIRMED.

*Whiteside & Yant* and *Berkheimer & Dawson* for appellants.

The subscribers for stock in a proposed, or the stockholders in an illegal corporation, are liable as partners, and they are liable as partners among themselves and the defective corporation if they have knowledge of the fact and take part in the management of the business. 4 Current Law, p. 910; Telephone Co. v. Telephone Co., 84 S. W. 515; Robinson v. Bank, 79 S. W. 103; Bolton v. Prather, 80 S. W. 666.

*Charles Hiller* and *John D. Smoot* for respondent.

NORTONI, J.—This is a suit to partition personal property. Plaintiff recovered. The court found the property was incapable of division in kind and ordered

it sold, as is usual in partition proceedings in such circumstances. Our statute, sec. 4432, R. S. 1899, sec. 4432, Mo. Ann. St. 1906, authorizes such a proceeding by any one or more of two or more joint owners of personal property, other than boats and vessels, etc. The property involved, the partition of which is sought in this particular instance, is a telephone line some ten or twelve miles in length situated in Clark county. A number of farmers entered into a voluntary association for the purpose of constructing and maintaining a telephone line commencing at the residence of one of them and terminating at the town of Wyaconda, at which town it connected with a switchboard, into which converged several other lines as well. The line passed near the farms of the several joint owners, and by means of a short spur and telephone, the residence of each was connected therewith. The purpose of the line was for the convenience and accommodation of the several owners thereof. After hearing the evidence, the court found that the several parties to the record were jointly interested therein, setting out the several interests; that the property was incapable of division in kind, and therefore ordered its sale under the provisions of the partition statute. Defendants prosecute the appeal.

The only argument advanced here for a reversal of the judgment is that the association was a partnership and the property sought to be partitioned is partnership property. It is said, in such circumstances, a proceeding in partition will not lie and that the only remedy available to the plaintiff is a suit in equity to dissolve the partnership and wind up its affairs. "Partnership is the relation subsisting between two or more persons who have contracted together to share, as common owners, the proceeds of a business carried on by all or any of them on behalf of all of them." [22 Am. and Eng. Ency. Law (2 Ed.), 13; Story on Partnership, sec. 2.] An agreement to share profits is an essential element

of every partnership, and though its presence is not con-
clusive that a partnership exists, the law is settled to a
certainty to the effect that the absence of profit-sharing
is conclusive a partnership between the parties does not
exist.    [22 Am. and Eng. Ency. Law (2 Ed.), 14, 22, 23,
53, 72; 25 Am. and Eng. Ency. Law (2 Ed.), 1130.]
Voluntary associations owning property and conducted
for the mere purpose of convenience or social relations,
without an object or purpose to accumulate or share
profits among its members, are not partnerships.    [25
Am. and Eng. Ency. Law (2 Ed.), 1130, 1131; 22 Am.
and Eng. Ency. Law (2 Ed.), 53; Maclay v. Freeman,
48 Mo. 234; Lucas v. Cole, 57 Mo. 143; Missouri Bottler's
Assn. v. Fennerty, 81 Mo. App. 525, 532.]    The argu-
ment urged for a reversal of the judgment entirely fails
for the reason the record does not disclose the partner-
ship relation.    It affirmatively appears that a voluntary
association was formed.    It resulted in the organization
of what is termed the Oak Grove Telephone Company.
The association was purely a joint arrangement for the
accommodation and convenience of the several owners,
without the object or purpose of gain or profit.    It fur-
ther appears there were no profits made or contemplated.
It appears the several members, contributing some labor
and a few dollars each, constructed the telephone line
from the residence of Mr. George Koeber to the town
of Wyaconda, a distance of some ten or twelve miles.
At this point, it connects with the telephonic switch-
board, occupied as well by other local telephone lines
in the county.    This switchboard was owned by the sev-
eral lines connecting therewith.    The members of the
telephone line involved in this controversy, raised by an
assessment and paid a total of twenty dollars for their
interest in the switchboard mentioned.    Every member
of the association had the right to erect a spur from
the main telephone line to his residence, and connect
a telephone therewith.    The several spur lines and the

telephones were the private property of each member. Under the rules and regulations incorporated in the contract, each member and his family, together with his hired help, had the privilege of using the line free of charge or expense. It appears the only fee or charge made for service over the line was a charge of ten cents per message levied against strangers communicating over the line. This fee of ten cents, instead of going into a common fund as profits of the concern, was a fee payable to the three men who had charge of the switchboard at Wyaconda, and devoted for the purpose of maintaining that instrument. It appears that when funds were required for the purpose of repairing the main line, assessments were made *pro rata* upon the several members of the association for that purpose. The evidence shows conclusively the association was organized and the line established and maintained exclusively for the accommodation and convenience of the several owners and entirely without the object of gain or profit. No profits were contemplated and none received. Under such circumstances, there is no partnership. The property was that of joint ownership, and within the contemplation of our statute above cited, authorizing the partition of personal property.

The judgment will be affirmed. It is so ordered. *Bland, P. J.,* concurs; *Goode, J.,* absent.