N.. A. AUBUCHON, et al., Appellants, v. AUGUST
AUBUCHON, et al., Respondents.

St. Louis Court of Appeals.  Opinion Filed February 5, 1918.

1.  **VOLUNTARY ASSOCIATIONS: Stock: Restrictions on Sale: Valid-
     ity.** Provisions in the constitution of a voluntary association, or-
     ganized to erect and maintain a telephone system, requiring mem-
     bers to offer stock for sale, first to the assnociation, was a mere con-
     dition precedent, attached to the right to sell the stock, and not an
     unreasonable restraint upon the alienation of the stock, and was
     therefore valid.

2.  ———: **Sales of Stock: Validity.** Members of a voluntary asso-
     ciation, organized to erect and maintain a telephone system, hav-
     ing agreed to be bound by the constitution, which required mem-
     bers to offer stock for sale, first to the association, could not com-
     plain that the association was not empowered to take title to the
     stock, in the absence of an offer of sale of the stock to the asso-
     ciation.

3.  ———: ———: **Partition of Personal Property: Rights of Members.**
     Provisions in the constitution of a voluntary association, organ-
     ized to erect and maintain a telephone system, requiring mem-

bers to offer stock for sale, first to the association, was a condition precedent attached to the right to partition personalty, and such provision was valid, so that members of the association were not entitled to partition until after they had offered their stock for sale to the association.

Appeal from the Circuit Court of Cape Girardeau County.—*Hon. Frank Kelly*, Judge.

AFFIRMED.

*Robert A. Swink* and *Robert W. Hall* for appellants.

Section 2619, Revised Statutes of Missouri, 1909, provides as follows: "Partition of personal property—proceedings in. Any one or more of two or more joint owners of personal property, other than boats and vessels, may file a petition in the circuit court for a partition or a sale and partition of the proceeds thereof, in the same manner as suits may be instituted for the partition and sale of real estate, and like proceedings had thereunder, as near as may be, as provided in cases for the partition of real estate." "Partition of personal property—joint owners—sale. Under section 4432, Revised Statutes, 1899, one or more of the joint owners of personal property, other than boats, etc., may bring an action to have such personal property partitioned among the owners, and, if it cannot be divided in kind, to have it sold and the proceeds divided. This applies to a telephone line owned by a number of farmers constructed and maintained for their own convenience." Meinhart v. Draper et al., 133 Mo. App. 50. An agreement between co-tenants of land that neither they nor their heirs or assigns shall ever institute suit for partition of the property is void, as being an unreasonable restraint on its enjoyment and use. Haeussler v. Mo. Iron Co. et al., 110 Mo. 183, 194. An unincorporated association is incapable of taking title to real or personal property. Douthitt v. Stinson, 73 Mo. 200; T. A. Miller Lbr. Co. v. Oliver et al., 65 Mo. App. 435, 439. In 25 Am. & Eng. Ency. of Law (2 Ed.), sec. 5, page

1132, it is said: "'An unincorporated association having no legal existence independently of the members who compose it, is incapable as an organization of the ownership of either real or personal property, and the title, legal or equitable, to any property acquired for the use of such association vests not in the association as such, but in the members thereof in their joint associated capacity." "The right of partition is an absolute right which yields to no consideration of hardship or inconvenience (Freeman on Cotenancy and Partition, p. 433). Anything that militates against this right is repugnant to the essential characteristics of cotenancy (Mitchell v. Starbuck, 10 Mass. 11). And the tendency of our times is to greater freedom of sale and transfer of property unfettered by conditions or limitations of the right of alienation." In order to constitute waiver, the agreement between the parties not to partition must be plain and unequivocal, and the minds of the parties must come together on this one point. Haeussler v. Mo. Iron Co., supra; Yglesias v. Dewey, 60 N. J., Eq. 62; Brown v. Coddington, 72 Hun. (N. Y.) 147; Colman v. Colman, 19 Pa. (7 Harris) 100; Roberts v. Wallace, 100 Minn. 359.

*C. J. Stanton, Wm. C. Boverie* and *A. M. Spradling* for respondents.

(1) The judgment of the lower court should be affirmed because appellants have not complied with rule 18 of this court in the assignment of errors. Matthews v. Insurance Company, 153 Mo. App. 386; State v. Tope, 19 Mo. App. 273; Foster v. Trimble, 18 Mo. App. 394; Miller v. Folmsbee, 59 Mo. 143; James v. Bishop, 58 Mo. 555. (2) (a) A voluntary association may agree to be governed by such rules as they may adopt, and when they are not immoral, contrary to public policy, or in contravention of the law of the State, they are binding on the members, and they measure his duties, rights and liabilities. Missouri Bottlers' Association v. Fennesty, 81 Mo. App. 525, 533; State v. St. Louis Med-

ical Society, 91 Mo. App. 78, 82. (b) The rights of an unincorporated voluntary association are fixed by the constitution and by-laws and rest in contract and a majority of its members cannot break the contract any more than a minority could do it. Kuhl v. Myer, 42 Mo. App. 474, 479; Hammerstine v. Parsons, 38 Mo. App. 332, 336; Colman v. Knights of Honor, 18 Mo. App. 189, 194. (c) The court will not undertake to regulate the internal affairs of a voluntary association. It is only when property rights are involved that the court takes jurisdiction at all, and then only when the party has exhausted his remedy within the association. Crutcher v. Order of Railway Conductors, 154 Mo. App. 622, 630; Mutray v. Knights of Honor, 28 Mo. App. 463; Meade v. Sterling, 23 L. R. A. 227. (3) When appellants signed the constitution and by-laws, they waived any right they had to contest the provisions thereof, and agreed that before they offered their stock for sale, they would first offer it for sale to the company at a price not to exceed the original cost of each share. This property cannot be divided in kind, and partition thereof means a sale, and since they have not complied with the constitution and by-laws, they are estopped from maintaining this suit. Hill v. Reno, 111 Ill. 154; Martin v. Martin, 170 Ill. 639, 48 N. E. 924; Springer v. Bradley, 188 S. W. 175, 178. (4) While an unincorporated association is incapable of taking and holding title to real estate, a conveyance to an unincorporated association, the members of which can be ascertained, vests title in the members thereof and they hold the title as tenants in common. Ryam v. Bickford, 140 Mass. 31, 2 N. E. 687; Guild v. Allen, 28 R. I. 430, 67 Atl. 855; 25 American and English Encyclopedia (2 Ed.), 1132; 5 C. J. 1343; 4 Cyc. 307. (5) The appellants violated the provisions of the constitution and by-laws of this Telephone Company by the institution of this suit and their failure to offer for sale their stock to the Company prior to the institution of the suit and have not come into court with clean hands. Primm v. White, 162 Mo. App. 594; Little v. Cunningham, 116 Mo. App. 545.

ALLEN, J.—This is a suit to partition personal property. Plaintiffs, four in number, are members of a voluntary association, consisting, it is said, of one hundred twenty-seven members in all, organized for maintaining and operating a local telephone line in the counties of Ste. Genevieve, Jefferson and St. Francois in this State. The petition sets up that plaintiffs and defendants are the joint owners of the property used for conducting the telephone line or system, together with certain franchises, books and records, etc; that the share of the personal property to which each plaintiff and each defendant is entitled is a one one hundred and twenty-seventh interest therein; and that there are no liens upon the property. Partition is prayed in the usual form.

The answer contains first a general denial, and then sets up the constitution and by-laws of the association, averring the due adoption thereof and that plaintiffs signed the same, assented thereto and agreed to be bound thereby, as evidenced by the following provision appearing above their signatures, viz: "We, the undersigned, hereby accept the above constitution and by-laws and agree jointly and severally to be governed by the same."

Section nine of the constitution, as contained in the answer, is as follows: "The capital stock of this company shall not be increased in excess of $20 without a majority vote of members present at any regular meeting. No member shall be allowed to own more than one share of stock, nor shall he be allowed to sell his share of stock until after he has offered it for sale to the company at a price not to exceed the original cost of the share. Any share of stock so purchased by the company shall be held as common stock of the company, but can be sold by the company to any person who is not a stockholder at the time of purchase."

By their reply plaintiffs aver that section nine of the constitution, supra, "is ambiguous; is an unreasonable restraint upon the alienation of the property of the members of this association and is contrary to public policy."

The cause was submitted to the court upon the pleadings and a stipulation of counsel wherein it was admitted that the facts set out in the petition are true; that the constitution and by-laws are correctly set forth in the answer; that plaintiffs, prior to the institution of the suit, made no offer to sell their shares to the association; and that the property cannot be divided in kind.

The trial court, after having refused certain declarations of law requested by plaintiff which need not be here set out, found the issues for defendants and entered judgment accordingly. From this judgment plaintiffs prosecute the appeal before us.

It is argued that upon the pleadings and the stipulation plaintiffs were entitled to a judgment in partition. The proceeding is brought under section 2619, Revised Statutes, 1909, providing for the partition of personal property, other than boats and vessels. That a member or members of a voluntary association of this character, namely, one organized for the operation of a local telephone system for the convenience of its members, may maintain a suit to partition the property utilized for the purposes mentioned, was held by this court in Meinhart v. Draper, 133 Mo. App. 50, 112 S. W. 709. In that case, however, as appears from the opinion, the only argument against the alleged right of plaintiff to partition was that the association constituted a partnership between its members, and that consequently partition would not lie, the remedy being a suit in equity to dissolve the partnership and wind up its affairs. It was held, however, that the members of an association of this character are not partners, but are to be regarded as joint owners of the property within the meaning of section 2619, supra. [See also Primm v. White, 162 Mo. App. 594, 142 S. W. 802.] But in the case before us the defense is that these plaintiffs cannot maintain a suit for partition until they have complied with the provisions of the constitution and by-laws, particularly with section nine of the constitution, supra.

Plaintiffs urge that this provision of the constitution constitutes an unreasonable restraint upon the alienation of a member's share in the association, and is for this reason void. We cannot accede to this contention. The evident object of this and certain other provisions of the constitution is to enable the association to have control over the admission of new members; and in view of the nature of the association—one organized for the convenience of its members and in no wise engaged in business for profit—we perceive nothing unreasonable in its provisions. Nor do we think that plaintiffs are in a position to here question the power of the association, or of its trustees provided for by the constitution, to take title to any share of stock offered to it by a member who wishes to retire from the association. What course would have been pursued had plaintiffs offered their stock to the association we know not; but we regard it as clear that plaintiffs cannot justify their failure to comply with this provision of the constitution by asserting that the association as such cannot acquire title to plaintiffs' shares.

But it is argued that neither section nine of the constitution nor any other provision thereof or by-laws can affect plaintiffs' statutory right to partition of the property in question. We think that this position is untenable. The provisions of the constitution, signed and agreed to by all of the members, became the organic law of the association, and constituted a contract between its members. It is true that had this contract been one attempting to deny *in toto* and forever the right of partition it would not have been effective. [See Haeussler v. Missouri Iron Co., 110 Mo. 188, 19 S. W. 75.] But such is not the nature of the provision of the constitution here drawn in question. It simply provides that a member who wishes to dispose of his share or interest must first offer it to the association. It does not undertake to deprive a member of the right of partition. But its effect, we think, is to annex a condition precedent to the right of a member to maintain partition, operating to postpone such right until

there has been a proper compliance therewith. A contrary view would permit these four members of the association, in disregard of their solemn contract evidenced by the provisions of the constitution to which they gave written assent, to compel a sale of this entire local telephone system, thereby defeating the very object and purpose for which the association was organized. In this connection see Springer v. Bradley, 188 S. W. 175; Eberts v. Fisher, 54 Mich. 294; Latshaw's Appeal 122 Pa. St. 143; Roberts v. Wallace, 100 Minn. 359; 30 Cyc. 187.

It follows that the judgment should be affirmed, and it is so·ordered. *Reynolds, P. J.,* and *Becker, J.,* concur.