———o———

Joseph Reugger, Defendant in Error, vs. George Lindenberger, Plaintiff in Error.

1. *Vendor's lien—Enforcement of—Land of wife—Money paid husband.—Semble*, that the wife is not a necessary party to an action for the enforcement of the vendor's lien on land belonging to the wife, and in which the husband had a marital interest, when by the terms of the sale, the purchase money was to be paid to the husband.

2. *Practice, civil—Pleadings—Defect of parties.*—The objection of defect of parties can be raised only by demurrer or answer. (W. S., 1014, ⸹ 6; 1015, ⸹ 10.)

*Error to Livingston Circuit Court.*

*Ray and Ray, and L. H. Waters*, for Plaintiff in Error.

*Chas. H. Mansur*, for Defendant in Error.

Adams, Judge, delivered the opinion of the court.

This was a suit in equity to enforce a vendor's lien for the purchase money of land sold and conveyed by the plaintiffs to the defendant. The suit was commenced in the Common Pleas Court of Livingston County, and afterwards removed to the Circuit Court of that county, by change of venue.

The plaintiffs were husband and wife, and the land belonged in fee to the wife. The husband, by virtue of his marital rights, held a life estate therein.

The original petition was in the name of both husband and wife, and was demurred to. But the demurrer was lost, and no action upon the demurrer appears of record. It however appears, that an amended petition was filed in the name of the husband alone, in which it is alleged, that the wife was seized in fee of the land sold to the defendant, and the husband had a life estate therein ; that the husband sold the land to the defendant for five hundred dollars, to be paid in a reasonable time, and agreed to obtain a deed in fee to the defendant, which he did by joining his wife in the execution of the same.

The only material fact set up by the answer, is the payment of the purchase money, for which a vendor's lien is claimed. This issue was submitted to a jury, and resulted in a verdict for the plaintiff, and a judgment was afterwards entered thereon, enforcing the vendor's lien, &c.

· Motions for a new trial, and in arrest, were duly filed and overruled.

The only material point raised here is, whether the husband could sue alone for the enforcement of the vendor's lien upon land belonging to his wife in fee, and in which he held a life estate by virtue of his marital rights.

The sale was not by the wife, but by the husband. The defendant agreed to pay him the purchase money, and he was to procure the deed, which he did. Was not the unpaid purchase money a lien on the land? It was certainly a lien to the extent of the husband's life estate ; but was it not also a lien on the wife's fee ? She had joined in the conveyance with her husband, and parted with her fee in the land, but

subject however to the lien for the unpaid purchase money. This purchase money, by the terms of the sale, was to be paid to the husband, and belonged to him. It seems to me, the wife was not a necessary party to the enforcement of the vendor's lien in this case. But the question, as to whether there was a defect of parties, is not properly before this court. That objection could only be raised by demurrer or answer. (2 W. S., 1014, and 1015, §§ 6 and 10.)

Judgment affirmed. Judges Vories and Sherwood concur. Judges Napton and Wagner absent.