BETSY M. MILLS and GEORGE P. MILLS, Respondents,
    v. THE CITY OF CARTHAGE, Appellant.

Kansas City Court of Appeals, May 10, 1888.

1. PRACTICE — PARTIES — HOW OBJECTION AS TO TAKEN — CASE
   ADJUDGED.—Where the fact called in question did not appear on the
   face of the petition (as in this case), the objection had to be taken
   by answer ; and if it was not so taken (as it was not here), it must
   be deemed waived.   A general denial does not raise the objection ;
   it must be specifically raised by the answer.

2. ———— INSTRUCTIONS—DIFFERENT THEORIES PRESENTED BY—FIND-
   ING NOT LIMITED TO A SINGLE THEORY EXCLUSIVELY.—Where two
   instructions are given, each presenting a different theory upon
   which recovery is based, the right to recovery is not limited to the
   theory presented by one instruction, but extends to either or both.

APPEAL from Jasper Circuit Court, HON. M. G.
McGREGOR, Judge.

*Affirmed.*

The case is stated in the opinion

J. D. PERKINS, for the appellant.
    I.   The plaintiffs rest their case upon the fact that
the city had notice of the defect in the sidewalk, and it is
necessary to show that in order to recover.   *Yocum v.
Town*, 20 Mo. App. 489.
    II.   The court, by its instruction, having declared
that the street commissioner was the officer of the city
whose duty it was to look after the streets, and the jury
having found that he did not have notice, the court
should have granted a new trial.
    III.   There being no evidence that plaintiff George
P. Mills is the husband of Betsy Mills, judgment
should not have been rendered in his favor, and when
the question was raised by the demurrer to the evidence
and the motion in arrest, plaintiff should have dismissed
as to him.

ROBINSON & CROW, for the respondent.

I. It is the duty of a city to keep its streets and sidewalks in a reasonably safe condition for persons traveling thereon with ordinary care and caution. And if a city knows of the dangerous condition of its sidewalks and neglects to fix them, it is liable to one injured by reason of its negligence in this behalf. *Carrington v. St. Louis*, 89 Mo. 208; *Bonine v. Richmond*, 75 Mo. 437; *Barrett v. St. Joseph*, 53 Mo. 290; *Bowie v. Kansas City*, 51 Mo. 454; *Russell v. Columbia*, 74 Mo. 480; *Kilroy v. City*, 87 Mo. 103.

II. And notice to the officers and agents of the city is notice to the city itself. *Carrington v. St. Louis*, 89 Mo. 208; *Bonine v. Richmond*, 75 Mo. 437.

III. And actual knowledge of the defective condition of a street or sidewalk is not necessary to fix the liability of a city for injuries resulting from a defective street or sidewalk. *Bonine v. Richmond*, 75 Mo. 437; *Yocum v. Trenton*, 20 Mo. App. 489.

IV. The law will raise the presumption that the city knew the defective condition of the walk, if the defect had existed for such a length of time that the city might have known it by the exercise of that care and diligence due from its servants in looking after and inspecting its streets and sidewalks. *Yocum v. Trenton*, 20 Mo. App. 489; *Sullivan v. Oshkosh*, 13 N. W. Rep, 468.

V. It is not essential that an instruction which undertakes to define the rule of liability in a case shall state all the exceptions to the rule. If these are correctly stated in one or more separate instructions, it is sufficient. *Sewing Machine Co. v. Railroad*, 71 Mo. 203. The charge should be taken together and if, when so considered, it fairly presents the law, and is not liable to misapprehension, a cause should not be reversed because some one of the instructions may not lay down the law with sufficient qualification. *Yocum v. Trenton*, 20 Mo. App. 489; *Rice v. Des Moines*, 40 Iowa, 641

VI. Plaintiff Betsy M. Mills is authorized to sue and recover in her own name as a *feme sole* for any violation of her personal rights. Acts of Mo. 1883, p. 113. This court, as well as the lower court, can dismiss as to G. P. Mills, if necessary. *Miller v. Harriman*, 84 Mo. 318 ; *Crunchon v. Brown*, 57 Mo. 38 ; *Will v. Severin*, 66 Mo. 617 ; Rev. Stat., secs. 3570, 3582, 3583.

VII. An appeal, wholly without merit, justifies the conclusion that it was taken for delay, and the judgment will be affirmed with ten per cent. damages. *Schwarer v. Boiler Co.*, 19 Mo. App. 534.

VIII. Especially is this so where no question of law, as to which there ought to be no doubt, arises in the case. *Smith v. White*, 17 Mo. App. 443 ; *Morrison v. Lehew*, 17 Mo. App. 663 ; *Utz v. Hoerr*, 20 Mo. App. 36 ; *Osborne v. Oliver*, 23 Mo. App. 667 ; *Cordell v. Bank*, 64 Mo. 600.

HALL, J.—This was an action by the plaintiffs, as husband and wife, to recover damages for an injury received by the wife, occasioned by a defective and unsafe sidewalk, on one of the defendant's streets. The plaintiff had judgment which the defendant seeks to have reversed on two grounds, viz. : (1) Because there was no proof that the plaintiffs were husband and wife ; (2) because the plaintiffs rested their case upon the fact that the city had actual notice of the defective sidewalk, and that the jury in their special findings found that the street commissioner, to whom the court declared notice had to be brought, did not have notice.

I.

The first ground assigned for reversal is in effect the objection that there was an unnecessary party plaintiff. This objection, since the fact did not appear upon the face of the petition, had to be taken by answer, and if it was not so taken it must be deemed waived. Rev. Stat., secs. 3515, 3519 ; *Dunn v. Railroad*, 68 Mo. 279 ;

*Reugger v. Lindenberger*, 53 Mo. 365 ; *State to use v. Sappington*, 68 Mo. 457 ; *Horstkotte v. Meier*, 50 Mo. 160. The answer was a general denial, and did not raise the objection under consideration. The objection " must be specifically raised by answer, otherwise it is deemed to be waived." *Randolph v. Railroad*, 18 Mo. App. 614. For these reasons the first ground assigned for reversal must be held to be untenable.

## II.

The second ground assigned for reversal is equally untenable. A sufficient reason for this opinion, without saying more, is that it is based upon a misconception as to the facts. The plaintiffs did not base their case upon the fact that the city had actual notice of the defect complained of. In one instruction the court declared the effect of actual notice of such defect had by the city's street commissioner, but did not limit the plain-tiffs' right to a recovery to the finding by the jury that said street commissioner had had such notice. On the contrary, the court in another instruction expressly declared that actual notice had by the city was not necessary to the plaintiffs' right to a recovery, and defined and stated the effect of constructive notice by the city of the defect complained of, from its long-continued existence. The verdict of the jury must have been found in accordance with the instruction *not* mentioned.

Judgment affirmed. All concur.