Daniel v. Atkins.

J. C. DANIEL, Respondent, v. J. D. ATKINS, Appellant.

St. Louis Court of Appeals, February 4, 1896; Motion for
Rehearing Overruled April 21, 1896.

1. **Justices' Courts, Pleading in:** AMENDMENT AS TO JURISDIC-
TIONAL FACTS. The failure of the record in an action instituted before
a justice of the peace to show a jurisdictional fact may be supplied by
amendment after appeal from the judgment of the justice.

2. ————: ————: PRACTICE, APPELLATE. In this cause there was
judgment for the plaintiff in the circuit court for one cent, and the
defendant appealed to this court. The evidence satisfied this court
that upon a retrial the plaintiff would again recover. *Held*, that
even if the record failed to disclose a jurisdictional fact, this court
would not be warranted in reversing the judgment and remanding
the cause for retrial.

*Appeal from the Audrain Circuit Court.*—HON. E. M.
HUGHES, Judge.

AFFIRMED.

*S. W. Bickley* and *Howard L. Bickley* for appel-
lant.

*L. P. Crigler* for respondent.

BOND, J.—This is an attachment suit for rent,
brought before a justice of the peace for Salt River
township, in Audrain county, on the twenty-seventh
of November, 1894. Plaintiff had judgment in the
justice's court, and on appeal in the circuit court,
wherefore defendant appealed to this court, and
assigns as error, the failure of the record to show
jurisdictional facts.

In support of this contention it is urged that the
return of the constable, who levied the writ of attach-

ment, does not show either that the property levied upon was located, or that the defendant resided, in the township of the justice issuing the writ, or any adjoining township. It is argued that, unless one. or the other of these alternatives existed, no jurisdiction was acquired by the justice. Revised Statutes of 1889, section 6127. Neither the residence of the defendant, nor the location of the attached property, is made to appear from any part of the proceedings set out in this record. Except by presumption it can not, therefore, he held that the requirements of the statute, *supra*, were complied with.

The trial court rendered judgment on the merits of the case in favor of plaintiff for one cent, and ordered execution therefor against the attached property, the issue on the plea in abatement having been decided for plaintiff.

Whether the jurisdictional defects urged by appellant as to the attachment proceedings are well assigned, all the members of the court are not agreed. But we are all agreed that, even if such objections can be now made, it would be our duty to remand the cause to give plaintiff an opportunity to amend, since it is now held by the supreme court that amendments may be made, upon an appeal in the circuit court, as to jurisdictional defects in proceedings begun before justices. *Dowdy v. Wamble*, 110 Mo. 280.

The judgment on the merits being only for one cent, and the record showing a state of facts from which all are satisfied that plaintiff would recover on a second trial, we are not warranted in remanding the cause for that purpose, but will affirm the present judgment. It is so ordered. *All the judges concur.*

Daniel v. Atkins.

ON MOTION FOR REHEARING.

ROMBAUER, P. J.—The appellant labors under the impression that, owing to the trivial amount involved, his appeal has not been fully considered. This is a mistake. The record was examined by each of the judges *seriatim*, but is so imperfect in its recitals that it is difficult to ascertain what was tried and decided by the trial court. As two members of the court were of opinion that the objection to the jurisdiction of the trial court, on which the plaintiff mainly relied for reversal, is not well taken, we preferred to place our decision on a ground which all the members of the court could occupy and which is tenable under the decisions of appellate courts in this state. *Porter v. Harrison*, 52 Mo. 524; *Cameron v. Hart*, 57 Mo. App. 142; *Goodwin v. Railroad*, 53 Mo. App. 9.

The defendant labors under a misapprehension in saying that the trial court excluded evidence, which tended to show that he was not indebted to the plaintiff when the attachment was run. The record shows that he offered such evidence, but not that it was excluded. On the contrary it would seem that, the plaintiff's claim being for $25, and the set-off being for a much smaller amount, the court, in rendering a judgment for plaintiff for nominal damages, did consider the set-off.

The appellant also claims that the levy was bad because it was only on fifty shocks of corn, whereas the uncontradicted evidence shows that there were sixty-one shocks in the field. It nowhere appears, however, that the fifty shocks thus levied upon were not a separate lot which could be readily identified. We will add in this connection that, where the bill of exceptions is in the record, its recitals can not be enlarged by an abstract of the record.

This appears to be one of the unfortunate neighborhood quarrels where parties, becoming engaged in some trivial litigation, lose sight of their own interest in trying to protract it indefinitely. After two judgments against him in such a case, the appellant should point out errors very clearly and incontrovertibly to warrant an appellate court in reversing the judgment and starting the litigation anew.

All the judges concurring, the motion for rehearing and the motion to transfer case to the supreme court are overruled.