ROCHEPORT BANK, Respondent, v. KENT DOAK, Appellant.

Kansas City Court of Appeals, May 2, 1898.

1. **Justices' Courts:** ATTACHMENT: CONSTABLE'S RETURN: JURISDICTION. A writ of attachment was issued by a justice of M. township. The return showed service and levy in C. township but did not state that C. township adjoined M. *Held*, the justice had no jurisdiction and the circuit court therefore acquired none on appeal and appearance could not confer jurisdiction of the subject-matter.

2. ———: ———: JURISDICTION: APPELLATE PRACTICE. An amended return of the constable filed for the first time in the appellate court can receive no attention as jurisdiction in cases like this depends not on the fact but on such fact appearing in the proceedings.

*Appeal from the Boone Circuit Court.*—HON. J. A. HOCKADAY, Judge.

REVERSED AND REMANDED.

ODON GUITAR and WILL H. TRUITT for appellant.

(1) The justice of the peace who heard and rendered judgment in this cause, had no jurisdiction to try the same, and the circuit court acquired none on the appeal. R. S. 1889, sec. 6127. (2) It is essential and indispensible in order to give jurisdiction in this case, that the officer who executed the writ should state, affirmatively in his return, the existence of the facts required by the statute to confer such jurisdiction. State v. Metzger, 26 Mo. 65; Haggard v. R. R., 63 Mo. 302; Laney v. Garbee, 105 Mo. 355; Hansberger v. R. R., 43 Mo. 196; Corrigan v. Morris, 43 Mo. App. 456; Ramsey v. Woods, 57 Mo. App. 650. (3) Nothing will be presumed to be within the jurisdiction of inferior courts. Their jurisdiction must appear by the record in all cases, where it is directly attacked. State v. Metzger, 26 Mo. 65; Hansberger v. R. R., 43 Mo. 196; Iba v. R. R., 45 Mo. 469; Matson v. R. R., 80 Mo. 229; Rohland v. R. R., 89 Mo. 180; Ex parte O'Brien, 127 Mo. 477–487; State ex rel. v. R. R. Com'rs, 14 Mo. App. 297–309; State v. Schneider, 47 Mo. App. 669; State ex rel. v. Neosho, 57 Mo. App. 192; State ex rel. v. Co. Ct., 66 Mo. App. 96. (4) Objections to jurisdiction of subject-matter can not be waived, and may be raised at any stage of the proceedings, and for the first time in the appellate court. Vaughn v. R. R., 17 Mo. App. 4; McQuoid v. Lamb, 19 Mo. App. 153; Fisher v. Davis, 27 Mo. App. 321; Cooper v. Barker, 33 Mo. App. 181; Rankin v. Fairley, 29 Mo. App. 587; Haggard v. R. R., 63 Mo. 302. (5) The amended return of the *ex officio* constable offered to be filed by respondent comes too late "and can not be made to relate back and give life to proceedings that were utter nullities." Corrigan v. Morris, 43 Mo. App. 460; Rohrer v. Oder, 124 Mo. 24.

C. B. Sebastian and Turner & Hinton for respondent.

(1) We insist that if there is any defect in the constable's return it was waived by the defendant appearing and contesting the plea in abatement and the case on the merits, both in the justice's court and in the circuit court. Ashby v. Holmes, 68 Mo. App. 23; Davis v. Schmitz, 36 Mo. App. 550; Grimm v. Inv. Co., 55 Mo. App. 457; Fare v. Gunter, 82 Mo. 523. (2) Appellant appearing and contesting in the justice's court and in the circuit court, gave this court jurisdiction over the person of the defendant and the return shows that the property was attached in Boone county, where the justice and constable both reside. The constable had the right to take the property of the defendant by virtue of the writ of attachment in his hand anywhere in Boone county. R. S. 1889, sec. 2380. (3) The objection simply goes to the sufficiency of the return of the officer to the writ—in failing to state that Missouri township—where the plaintiff resided—adjoined Cedar township where the defendant resided. The fact that they are adjoining is not questioned. If the court holds that the question is properly before it and that the defect has not been waived, then we ask that the constable be allowed to amend his return in accordance with his affidavit herewith filed, and show the fact that the said Missouri and Cedar townships are adjoining townships in the same county—in accordance with section 2114, Revised Statutes 1889.

Gill, J.—This is a suit in attachment begun before a justice of the peace of Missouri township in Boone county. On the writ of attachment the constable made return that he had levied on certain personal property of the defendant found in Cedar

township in said county and by reading the writ to the defendant in said Cedar township. It was not stated in the return that Cedar township adjoined Missouri township.

At the trial in the circuit court, where the case was taken by appeal, plaintiff had judgment sustaining the attachment and on the merits, and defendant appealed.

The sole question presented here is, whether or not the justice had jurisdiction of the subject-matter of the action—the defendant contending that the face of the proceedings did not affirmatively show jurisdiction in the justice, in that it does not there appear that the suit was brought before a justice of the township wherein the property attached was found, or in an adjoining township, or in the township where the defendant resided or in an adjoining township as required by section 6127, Revised Statutes 1889.

It is settled by an unbroken line of decisions in this state that justices' courts have only such jurisdiction as the statute expressly gives them, and that the facts giving such jurisdiction must affirmatively appear on the face of their procedings. Under the head of jurisdiction of justices of the peace, the statute (section 6127) provides that "every action by attachment shall be brought before a justice of the township wherein the property credits or effects of the defendants, or either of them, may be found, or in any adjoining township thereto, or in the township wherein the defendant resides, or in any adjoining township."

The proceedings in this case clearly fail to show jurisdiction in the justice before whom this attachment suit was brought. It appears that the suit was brought before a justice of Missouri township in Boone county; that the property attached as well as the defendant, was found in Cedar township of said county; but fails to show that said Cedar township adjoins said

Missouri township, or that the defendant resided in the township where the suit was brought or in an adjoining township. It must be held, then, that the justice had no jurisdiction of the case. State v. Metzger, 26 Mo. 65; Cooper v. Barker, 33 Mo. App. 181; Corrigan v. Morris, 43 Mo. App. 456; State ex rel. v. Co. Ct., 66 Mo. App. 96. And since the justice did not acquire jurisdiction, it is equally as well settled that the circuit court to which the case was appealed acquired none; the jurisdiction of such appellate court was only derivative.

Neither did defendant's appearance to the action waive this objection to jurisdiction. While an appearance and going to trial may waive service of process, and jurisdiction over the *person* of the defendant may be thus obtained, yet such consent can not confer jurisdiction over the subject-matter of an action. This distinction has been repeatedly pointed out.

We can take no heed of the affidavit, or so-called amended return, filed for the first time in this court. Such paper is no part of the record. Besides "jurisdiction in cases like this may be said not to depend *on the fact*, but on *such fact appearing in the proceedings.*" Corrigan v. Morris, *supra*.

It seems, however, that the constable's return might have been amended in the circuit court. Daniel v. Atkins, 66 Mo. App. 342. To afford an opportunity therefor we will reverse the judgment and remand the cause. All concur.