R. N. BELSHE, Respondent, v. CHARLES LAMP, Defendant; S. P. BATDORF, Garnishee, Appellant.

### Kansas City Court of Appeals, January 20, 1902.

1. **Justices' Courts:** GARNISHMENT: RECORD: JURISDICTION. In a garnishment proceeding growing out of an attachment suit, originating in a justice's court, the record must show the jurisdiction of the justice in the attachment proceeding.

2. ———: ATTACHMENTS: JURISDICTION. The jurisdiction of a justice in attachments is confined to causes where the property is in the justice's township or an adjoining township, or in the defendant's township or an adjoining township.

Appeal from Grundy Circuit Court.—*Hon. P. C. Stepp,* Judge.

REVERSED AND REMANDED *(with directions).*

*Kerr & Kerr* and *J. S. Parker* for appellant.

(1)    The transcript of a justice of the peace must show affirmatively all jurisdictional facts.    No presumptions or intendments exist in their favor as in courts of record.    Allen v. Scharringhausen, 8 Mo. App. 229; Gideon v. Hughes, 21 Mo. App. 528; Porter v. Railroad, 66 Mo. App. 623; Hansberger v. Railroad, 43 Mo. 196; McCloon v. Beattie, 46 Mo. 391.    (2)    Every action by attachment in justice court must be brought in the township in which the goods, credits or effects of the defendant may be found, or in an adjoining township.    R. S. 1899, sec. 3840; Backenstoe v. Railroad, 23 Mo. App. 148; Rohland v. Railroad, 89 Mo. 180; Warden v. Railroad, 78 Mo. App. 664; Bank v. Doak, 75 Mo. App. 332; Hessey v. Heitkamp, 9 Mo. App. 36; Allen v. Scharringhausen, 8 Mo. App. 229.

*Harber & Knight* for respondent.

(1)    The judgments of justices of the peace over matters of which they have jurisdiction, are no more objects of collateral attack than those of courts of record.    Meyers v. Miller, 55 Mo. App. 338; Jeffries v. Wright, 51 Mo. 215; McClellan v. Railroad, 103 Mo. 295; McFall v. Dempsey, 43 Mo. App. 369; Holt County v. Cannon, 114 Mo. 514.    The service was good under both the fourth and fifth subdivision of section 386, Revised Statutes 1899, and, clearly, the defendant in original suit having been personally served and his property duly attached, appellant served as garnishee, as here shown, and he having filed answer as such garnishee and issue being joined thereon by denial of respondent, appellant could not then sit by and permit judgment to be entered against him and question the regularity and legality thereof in this collateral proceeding.    State to use v. Berry, 9 Mo. App. 42; Merrick v. Merrick, 5 Mo. App. 123; Johnson to use v. Meyer, 60 Mo. App. 170; Holliday v. Jackson, 21 Mo. App. 660; Jeffries v. Wright, 51 Mo. 215; McDonald v. Frost, 99 Mo.

44; Holt County v. Cannon, 114 Mo. 514; McClellan v. Railroad, 103 Mo. 295; Beckner v. McLinn, 107 Mo. 277; Yates v. Johnson, 87 Mo. 213; Burnett v. McCluey, 92 Mo. 230; State ex rel. v. Donegan, 83 Mo. 374; Railway v. Holladay, 131 Mo. 440.

ELLISON, J.—This case comes here on an appeal from an order of the trial court refusing to quash an execution against appellant as garnishee in a certain attachment suit before justice of the peace in which respondent was plaintiff and one Lamp was defendant.

The proceedings leading up to the execution against appellant as garnishee being before a justice of the peace, it must appear affirmatively in the record that such justice had jurisdiction of the attachment suit else the judgment in that suit, and all subsequent proceedings depending upon that suit, including the garnishment, are void.

The jurisdiction of a justice of the peace in an attachment suit is confined to those causes where the property of the defendant is in the township of the justice, or an adjoining township or in the township where the defendant resides or an adjoining township. Sec. 3840, R. S. 1899. Neither of the foregoing requisites to jurisdiction appeared in the record of the justice and we can not presume anything in favor of his jurisdiction. Bank v. Doak, 75 Mo. App. 332; Backenstoe v. Railroad, 23 Mo. App. 148; Briggs v. Railroad, 111 Mo. 168.

There are several other valid objections made to proceedings before the justice, but whether fatal in their character, in view of what we have just ruled, need not be determined. The judgment is reversed and cause remanded with directions to quash the execution. All concur.