STATE OF MISSOURI at the relation of BEN T. CASTLEMAN, Appellant, v. T. M. CUNNINGHAM et al., Respondents.

Kansas City Court of Appeals, March 7, 1904.

1. JUSTICES' COURTS: Attachment: Jurisdiction. In an attachment before a justice of the peace it must affirmatively appear in the record that the attached property was in the township of the defendant or an adjoining township; or in the township of the justice or an adjoining township.

2. JUDGMENT: Attachment: Jurisdiction: Releasing Levy. Before an officer is liable for releasing a levy in an attachment the plaintiff must show he has obtained a judgment.

Appeal from Cooper Circuit Court.—*Hon. Jas. E. Hazell*, Judge.

AFFIRMED.

*Ben T. Castleman* attorney *pro se.*

(1) The judgment in the attachment proceeding was only voidable, and is impregnable to collateral attack. Crowley v. Wallace, 12 Mo. 147; Hardin v. Lee, 51 Mo. 244; Alderson on Judicial Writs and Process, ch. 22, sec. 100, p. 176. (2) A judgment which is amendable is not void. Rosenheim v. Hartsock, 90 Mo. 357. (3) Amendability is the *experimentum crucis* of legal validity. Rosenheim v. Hartsock, *ante;* Bobb

v. Bruere, 23 Mo. App. 604. (4) Amendments to return of process may be made many years after service. Murfree on Sheriffs (2 Ed.), ch. 19, sec. 875-6 and 875a *et seq.;* Scruggs v. Scruggs, 46 Mo. 271. (5) Irregularities in a return are available only to the defendant. Alderson on Jud. Writs and Process, ch. 31, sec. 186, p. 553; idem, sec. 199, p. 584. (6) A return, defective on its face, is cured by a recital in the judgment that defendants have been duly and legally served with process. Idem, ch. 31, sec. 185, p. 534. (7) Where service is properly had, but return is insufficient, judgment by default is valid. Idem, ch. 31, sec. 185, pp. 546-7; Van Fleet on Collateral Attack, ch. 9, sec. 409, p. 407. (8) The constable is estopped to contest the validity of the judgment. Van Fleet on Collateral Attack, ch. 21, sec. 860, p. 927.

*W. G. & G. T. Pendleton* for respondents.

(1) Not only was it essential to relator's right of recovery that it appear from his petition that the attachment was sustained, but he must actually have a valid judgment sustaining the attachment of the property alleged to have been attached before he can complain of the release of said property from said attachment, since, if the attachment was not sustained, the release of the property occasioned no injury to relator. Lesem v. Neal, 53 Mo. 412. (2) Relator did not have such valid judgment for the reason that the record of the attachment suit which was offered to prove the judgment did not affirmatively show that the property attached in said suit belonged to the defendants therein, or that it was found either in the township in which the suit was brought or in an adjoining township, or in the township in which the defendants resided or in an adjoining township thereto. Bank v. Doak, 75 Mo. App. 332; Corrigan v. Morris, 43 Mo. App. 456; Cunningham v. Railroad, 61 Mo. 33; Fletcher v. Keyte, 66 Mo. 385;

Ewing v. Donnelly, 30 Mo. App. 6; Anderson v. Scott, 2 Mo. 15.   (3)   The oral evidence offered to the effect that the property was found in an adjoining township to the one in which the suit was brought did not supply the omission of such fact from the record so as to validate the judgment, as such defects can not be cured by parol.  Bank v. Doak, supra; Corrigan v. Morris, supra; Bank v. Suman's Admr., 79 Mo. 527.

ELLISON, J.—This is an action on a constable's official bond.   There was a demurrer to the evidence for relator at the close of his case, which the trial court sustained and he appealed.

The cause of action alleged is that the relator, as plaintiff in an attachment suit begun before a justice of the peace, sued out a writ of attachment which was placed in the defendant constable's hands and by him levied upon a lot of corn standing in the field; that relator, as plaintiff in such action, had judgment in the attachment suit, but that the defendant, as constable, had wrongfully released the attached property from the levy, to the relator's damage, etc.

At the trial the judgment upon which the attachment depended and the entire record, failed to show that the justice of the peace before whom the action was begun had jurisdiction thereof.   The failure consisted in an omission to show that the property was in the township where the defendant resided, or in some adjoining township; or in the township of the justice or in an adjoining township.   The justice, by force of the statute (Revised Statutes 1899, sec. 3840), only has jurisdiction where these facts, or one of them, which are omitted from the record exist.   Bank v. Doak, 75 Mo. App. 332; Corrigan v. Morris, 43 Mo. App. 456; Cunningham v. Railway, 61 Mo. 33; Fletcher v. Keyte, 66 Mo. 285; Ewing v. Donnelly, 20 Mo. App. 6; Wise v. Loring, 54 Mo. App. 264; Zimmerman v. Snowden, 88 Mo. 218; Daugherty v. Brown, 91 Mo. 26.   Nor can these

jurisdictional facts be supplied by parol, for they must affirmatively appear somewhere in the record. State v. Metzger, 26 Mo. 65.

In order for plaintiff to be injured by the release of a levy he must then have had, or must have afterwards obtained, a judgment; for a valid judgment is necessary to any effective results from an attachment. Lesem v. Neal, 53 Mo. 412, 420.

The judgment must be affirmed. All concur.