## CHARLES H. SAWYER et al., Appellants, v. L. BUR-RIS, Respondent.

### St. Louis Court of Appeals, July 20, 1909.

1. **JUSTICES' COURT: Jurisdiction: Attachment: Facts Showing Jurisdiction Must Appear in Record.** A justice's court is a court of inferior and limited jurisdiction, and when dealing with a suit by attachment does not proceed in accordance with the common law, but under the statute; and it is necessary in such cases that the grounds of jurisdiction of such court appear affirmatively on the face of its proceedings.

2. ——: ——: ——: ——: **Void Judgment.** Under section 3840, Revised Statutes 1899, in an attachment suit brought in a justice's court, it must be shown by the record that the property attached was found in the township in which the suit was instituted, or an adjoining township, and in the absence of such showing, a judgment rendered is void.

3. **JUDGMENTS: Void: May be Collaterally Attacked.** A judgment which is void is without avail, even against a collateral attack.

4. ——: ——: **Sales Thereunder Void.** Where an attachment judgment is void, a sale thereunder also is void.

5. **PLEADING: Parties: Non-Joinder, How Raised: Waiver.** In an action of replevin, a claim that plaintiff is not the sole owner of the property replevied and that there is, therefore, a defect of parties plaintiff is waived, where no such objection is raised either by demurrer or answer.

6. **PARTNERSHIP: Sharing Profits: Intention.** An agreement to share profits is an essential element in every contract of partnership, and the participation in the profits raises a presumption of partnership, which, however, may be rebutted. If it is obvious, as between the parties, that no partnership was intended, then the partnership relation does not obtain, regardless of the arrangements made for conducting the business.

7. ——: **Sharing Profits Does not Necessarily Create Partnership.** Plaintiff and his superintendent entered into a contract, whereby the latter was to receive one-fourth of the profits of plaintiff's plant as compensation for managing the same; *held,* they were not partners.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED (*with directions*). .

*Robert L. McLaran, Wommack & Welborn* and *Rudolph Houck* for appellants.

The justice court had no jurisdiction in the attachment suit. The suit of F. N. Price v. Mingo Mill and Lumber Company being a suit by attachment, it was necessary, in order for the proceedings therein to be valid, that the record in the justice suit should show affirmatively that the suit was brought before the justice of the township wherein the property, credits or effects attached might have been found or in an adjoining township thereto, or in the township wherein the defendant resided or in an adjoining township. It failed to do this and this rendered these proceedings void. State ex rel. v. Cunningham, 106 Mo. App. 60; Belshe v. Lamp, 91 Mo. App. 477; Bank v. Doak, 75 Mo. App. 332.

*Mozley & Woody* and *E. F. Williamson* for respondent.

The justice had jurisdiction of both the subject-matter and the parties in the attachment suit of price against the Mingo Mill and Lumber Co. Taking the record of the justice as a whole, it shows: (a) That, at the date of the institution of the suit, W. W. Monk was a justice of the peace within and for Duck Creek township in Stoddard county, Missouri. (b) That the suit of Price against the Mingo Mill and Lumber Company was instituted before W. W. Monk and the judgment rendered therein was rendered by him. (c) That T. A. Findley was the constable of Duck Creek township in said county and State. (d) That the property seized under the writ of attachment in that suit was located at Mingo, Stoddard county, Missouri. (e) That,

at the trial of said cause before said justice, the Mingo Mill and Lumber Company appeared by C. H. Sawyer and T. J. St. Louis, the partners composing said firm, and also by attorney, and judgment was rendered on the merits against the defendant and in favor of plaintiff for the sum of $247.98. (f) That upon said judgment, an execution was issued, directed to T. A. Findley, constable of Duck Creek Township, Stoddard county, Missouri, that the constable levied upon the property in controversy at Mingo, advertised the same for sale, sold it to L. Burris for the sum of five hundred and five dollars, all done at Mingo, in Duck Creek Township, Stoddard county. Aside from the recitals of the record of the justice as to the locus of the property, the appearance of the defendant without objection, at the trial of said cause, conferred jurisdiction of both the subject-matter and of the person of the defendant. Drug Co. v. Curtis, 67 S. W. 712; Abbington v. Steinberg, 86 Mo. App. 639. The Mingo Mill & Lumber Co. is a partnership firm composed of C. H. Sawyer and T. J. St. Louis. In the absence of rebutting evidence or circumstances, a contract between persons to share in the net profits of a business venture creates the relation of partners between them. Tolbert v. Jeffrey, 160 Mo. 645; Dry Goods Co. v. Diment, 111 Mo. App. 46; Steckman v. Bank, 126 Mo. App. 664.

NORTONI, J.—This is a suit in replevin. The issue was tried before the circuit court without a jury. The finding and judgment were for the defendant and plaintiffs prosecute the appeal. The property sought to be recovered is a number of saw logs and a considerable quantity of sawed lumber which defendant removed from plaintiff's mill yards. Their is no controversy over the fact that the lumber and saw logs belonged originally to the plaintiff, Sawyer. They were sold, however, by the constable under an execution on a judgment in attachment against Sawyer at the suit of one Price

against him.   The defendant purchased at the execution sale.   After having purchased the logs and lumber, defendant removed the same from plaintiffs' mill yard.   Thereupon plaintiffs instituted this suit in replevin in the circuit court seeking to recover the logs and lumber on the theory that the execution sale under which defendant purchased was of no avail for the reason the judgment in attachment, on which the execution was issued, was void.

The pertinent facts, showing such features of the controversy as are relevant, are as follows:   Plaintiff Sawyer, who resided in the city of St. Louis, owned and. operated a sawmill in Stoddard county.   The mill and property were mortgaged to his coplaintiff herein, but that is not important. . This mill Sawyer conducted under the trade name of Mingo Mill & Lumber Company.   One F. N. Price instituted a suit by attachment in the court of W. W. Monk, a justice of the peace of Duck Creek township, in Stoddard county, against the Mingo Mill & Lumber Company and Sawyer.   In this suit, a writ of attachment was levied upon the sawlogs and lumber involved in the present controversy.   Upon a trial of the issue, both on the plea in abatement and on the merits in that suit, the finding and judgment were for the plaintiff.   Afterwards, the justice issued an execution on such judgment and placed the same in the hands of the constable of Duck Creek township. Acting under this execution, the constable sold the sawlogs and lumber theretofore attached, at a constable's sale.   The defendant Burris purchased at this sale, and as before stated, took possession and removed the logs and lumber from plaintiffs' mill yard.   Plaintiff thereupon instituted this action in replevin.   To support this action of replevin, plaintiff relies upon the proposition that the judgment in the attachment suit against him, under which the defendant claims the title and right of possession to the property involved, is absolutely void.   On this question, the entire record in the

attachment suit of Price v. Mingo Mill & Lumber Company and all of the docket entries to be found in the justice's docket in that case, were introduced in evidence. It appears therefrom that W. W. Monk, the justice before whom the attachment suit was instituted and tried, is a justice of the peace in and for Duck Creek township in Stoddard county, Missouri; that one F. N. Price instituted the attachment suit before him; that a writ of attachment was sued out thereunder and levied upon the property involved in this suit. There is not a word, however, in the entire record nor to be found in the docket entries of the justice indicating that the property attached was situate at the time of the institution of the suit, or at any other time for that matter, in either Duck Creek township or in a township adjoining thereto in Stoddard county. The fact relied upon to confer jurisdiction on the justice in the attachment suit is the *locus in quo* of the property. Our statute, section 3840, provides that: "Every action by attachment shall be brought before a justice of the township wherein the property, credits or effects of the defendants, or either of them, may be found, or in any adjoining township thereto, or in the township wherein the defendant resides, or in any adjoining township thereto." The rule of law is well established to the effect that inferior tribunals not proceeding according to the course of the common law, are confined strictly to the authority given them by the statutes, and the grounds of the jurisdiction of such tribunals must appear affirmatively on the face of their proceedings. [State v. Metzger, 26 Mo. 65.] It is certain that courts of the justice of the peace in this State are of inferior and limited jurisdiction, and when dealing with matters of attachment under our statute, such courts do not proceed in accordance with the course of the common law, but on the contrary, proceed under and by virtue of the statute solely for the reason that the statute alone confers the remedy by attachment. In keep-

ing with the general principle stated, our Supreme Court in State v. Metzger, 26 Mo. 56, declared a judgment of conviction entered by a justice of the peace for assault and battery, to be absolutely void, it failing to appear affirmatively from any portion of the record that the offense was committed within the county, with the boundaries of which the jurisdiction of the justice of the peace was concurrent. Our statute (sec. 3839, R. S. 1899, sec. 3839, Mo. Ann. St. 1906), touching the jurisdiction of a justice of the peace over actions for killing stock by railroad companies, requires such actions as are cognizable in that court to be instituted in the township where the injury happened, or in any township, adjoining thereto. Under this grant of jurisdiction in respect of these matters, our Supreme Court has held that the fact the animal was killed within the township of the justice of the peace or the adjoining township, is jurisdictional; and that inasmuch as such court is of limited and inferior jurisdiction, the facts conferring jurisdiction upon it to proceed must affirmatively appear on the face of the record in the proceeding; otherwise the judgment will be void. [Hansberger v. Railway, 43 Mo. 196; Haggard v. Railroad, 63 Mo. 302.] The same doctrine has been declared by this court touching the court of a justice of the peace and a proceeding therein under the statute with respect to the enforcement of an agister's lien. The doctrine asserted in that case is that the court of a justice of the peace is of inferior and limited jurisdiction and in a proceeding under the statute with respect to the enforcement of an agister's lien, it proceeds by virtue of the statute only and not in accordance with the course of the common law. Under such circumstances, all of the facts conferring jurisdiction upon the court to proceed and give judgment therein, must appear affirmatively on the face of the record. [Patchem v. Durrett, 116 Mo. App. 437.] When, as in this case, the situs of the property is the fact relied upon to confer jurisdic-

141 App—8

tion upon the justice of the peace to entertain and enforce an attachment under our statute, the same doctrine has been several times declared in respect of that matter. That the doctrine of the cases above referred to is relevant as well to proceedings by attachment before a justice of the peace, is said to be clear. The material facts which invoke its application are that the justice's court is of limited and inferior jurisdiction and that in respect of attachments, it does not proceed according to the course of the common law, but on the contrary, proceeds under the statute solely. In such circumstances, if the situs of the property is relied upon for the purpose of conferring jurisdiction upon the justice, this fact is jurisdictional, and it is not sufficient that such fact actually exists, but it must affirmatively appear on the face of the record in such proceedings. That is to say, such facts, aside from being lodged in the case by proof, must appear affirmatively on the face of the record. It must appear that the property of the defendant attached, was found in the township in which the suit was instituted, or in an adjoining township thereto. In the absence of such facts so appearing, the judgment in the attachment suit is void. [Rocheport Bank v. Doak, 75 Mo. App. 332; Belshe v. Lamp, 91 Mo. App. 477; State ex rel. Castleman v. Cunningham, 106 Mo. App. 58.] Of course, if the judgment is void in such circumstances, and the authorities so declare, it is without avail even against a collateral attack. Indeed, the courts have so treated such judgments when assailed collaterally, as will appear by reference to State ex rel. Castleman v. Cunningham, 106 Mo. App. 58; Belshe v. Lamp, 91 Mo. App. 477. It seems, however, where the judgment of the justice has been attacked for this reason in a direct proceeding, as by an appeal therefrom, the courts have said the record may be amended in the circuit court so as to supply such jurisdictional facts, if such fact exists. Daniel v. Atkin, 66 Mo. App. 342; Rocheport Bank v. Doak,

75 Mo. App. 332.] These rulings, when considered together, present something of an anomaly, for it results that when such judgment is directly attacked, as by an appeal therefrom, it will be treated as not absolutely void, and the facts giving it life and vigor may be supplied by amendment to the record in the circuit court. However, when the judgment is attacked in a collateral proceeding, as here—that is, when no appeal therefrom has been taken, and the judgment of the justice of the peace in the attachment suit is relied upon as the basis of the right asserted by the party—it will be treated as entirely void and ineffectual against a collateral attack. [State ex rel. Castleman v. Cunningham, 106 Mo. App. 58; Belshe v. Lamp, 91 Mo. App. 477.] Be this as it may, if such amendments are allowable at all, it is because of the very liberal statutory provision to be found in section 4079, Revised Statutes 1899, authorizing amendments in the circuit court of the statement of the cause of action or counterclaim, etc., filed before the justice. Under this section, the Supreme Court held that a defective statement of the cause of action filed before the justice of the peace could be amended in the circuit court so as to show facts which were jurisdictional. .[Dowdy v. Wamble, 110 Mo. 280.] Upon the authority of that case, this court afterwards expressed the opinion in a direct proceeding by appeal that jurisdictional facts omitted from the record of an attachment proceeding before a justice of the peace could be supplied by amendment in the circuit court. [Daniels v. Atkins, 66 Mo. App. 342.] Although the relevancy of section 4079, Revised Statutes 1899, authorizing amendments of the statement of the cause of action and counterclaim in the circuit court, under which Dowdy v. Wamble, 110 Mo. 280, was decided, may not be entirely clear, the proposition that amendments may be had in the circuit court on appeal so as to show the jurisdictional facts which are absent here seems to be

established by the ruling in Daniel v. Atkins, and Rocheport Bank v. Doak, *supra.*

It appears the plaintiff owned and was in possession of the sawlogs and lumber involved in this suit, and that the defendant took possession thereof under and by virtue of his purchase at the execution sale. He claimed no other right thereto. Therefore, unless the judgment in attachment on which the execution was issued, was valid, the defendant had no right or title whatever to the lumber. Of course, defendant's right in the first instance under the execution must depend upon a valid judgment to support the same. If the attachment judgment is void, then the sale thereunder is void as well. [State ex rel. Castleman v. Cunningham, 106 Mo. App. 58, 61.] The result is, the defendant had no right or title whatever to the property involved and the judgment should have been given for the plaintiff, unless another question to be considered should influence the matter otherwise.

It is said the plaintiff ought not to recover in this action because he is not the sole owner of the sawlogs and lumber involved; that is, that one J. T. St. Louis is a partner therein, and that St. Louis is not a party plaintiff. The petition avers plaintiffs are the owners of the property involved. There is nothing whatever stated therein from which it appears J. T. St. Louis is interested in the same in any manner. This action in replevin originated in the circuit court and our statute (sec. 598, R. S. 1899, sec. 598, Mo. Ann. St. 1906), prescribing the rule of practice for that court, provides that the defendant may demur to the petition when it appears therefrom that there is a defect of parties plaintiff. Section 662, Revised Statutes 1899 (sec. 602, Mo. Ann. St. 1906), provides that when the matters enumerated in sec. 598 do not appear upon the face of the petition, the objection may be taken by answer: This section further provides in effect that if no such objection be taken with respect to a defect of parties plaintiff,

either by demurrer or answer, the defendant shall be deemed to have waived the same. It is certain that nothing appears on the face of the petition with respect to J. T. St. Louis having any interest whatever in this property. It is certain, too, that the defendant failed to refer to that matter in any manner whatever in his answer. In such circumstances, the matter is waived and defendant will not be permitted to assert any claim to the contrary at this stage of the proceeding. [Anderson v. McPike, 41 Mo. App. 321; Donahue v. Bragg, 49 Mo. App. 273; Mills v. Carthage, 31 Mo. App. 141; Ruegger v. Lindenberger, 53 Mo. 364; Dunn v. Railway, 68 Mo. 268, 279.] However that may be, it appears conclusively from the record that the partnership relation did not exist *inter sese* between the plaintiff, Sawyer, and J. F. St. Louis. Sawyer himself testified that he was the sole owner of the sawlogs and lumber involved, subject only to the rights of his coplaintiff who has a mortgage thereon, and that J. T. St. Louis had no interest whatever in the property involved. Plaintiff's testimony is to the effect that St. Louis was his manager and superintendent at the mill and as compensation for his services received one-fourth of the net profits of the business. St. Louis himself, a witness, did not claim any interest whatever in the sawlogs and lumber involved. The written contract between plaintiff Sawyer and J. T. St. Louis introduced in evidence shows that St. Louis was acting as general manager and superintendent of the mill for plaintiff and that he was to receive one-fourth of the net profits from the mill and logging interests. Now it is very true that an agreement to share profits is an essential element in every partnership and that the absence of profit sharing is conclusive that a partnership does not exist. [Meinhart v. Draper, 133 Mo. App. 50, 112 S. W. 709.] It is very true, also, that the participation in the profits of a business raises the presumption of the existence of a partnership. However, this presumption is not conclu-

sive. It may be rebutted by a showing of fact to the contrary. [Tobert v. Jeffrey, 161 Mo. 645.] We are not concerned here with what may be sufficient to constitute individual partners in business when viewed from the standpoint of a third party who has treated with them, relying upon that relation, but on the contrary, the precise question for decision relates to a partnership *inter sese.* That is, unless it appears that plaintiff Sawyer and J. T. St. Louis were actually partners between themselves in the property involved, this action could properly be maintained in the name of the present plaintiffs; that is, in the name of plaintiff Sawyer and his coplaintiff, the mortgagee, even if the question were properly raised by the answer. The mere fact that J. T. St. Louis received one-fourth of the net profits of the mill and logging business in and of itself did not constitute him a copartner with plaintiff Sawyer, as between themselves. Men are frequently employed by others on such a basis, and it is certain that such an arrangement alone is not sufficient to constitute them partners, although it may afford a presumption to that effect. [Nugent v. Armour Packing Co., 208 Mo. 48.] Indeed, the relation of partnership lies in contract and is to be determined always as between the alleged partners by reference to the matter of intention. If it is obvious as between the parties, that no partnership was intended, then the partnership relation does not obtain as between them, whatever arrangements they may have had for conducting the business. [McDonald v. Matney, 82 Mo. 358; Nugent v. Armour Packing Co., 208 Mo. 480.] It is entirely clear from the facts appearing in this record that the partnership relation did not exist between plaintiff Sawyer and J. T. St. Louis. The intention of the parties to the contrary is clearly expressed in the written contract between them to the effect that St. Louis was to serve Sawyer as general manager and superintendent for a compensation of one-fourth of the net profits of the business.

The judgment should be reversed and the cause remanded with directions to the trial court to make a finding and judgment for plaintiff, according to law. It is so ordered. *Reynolds, P. J.,* and *Goode, J.,* concur.