JOHN BARNES, Respondent, v. OTTO PLESSNER, Appellant.

St. Louis Court of Appeals, January 9, 1912.

1. **JUSTICES' COURTS: Jurisdiction: Replevin.** A justice of the peace has jurisdiction of a suit to replevy household furniture, valued at twenty dollars.

2. ———: ———: **Adjoining Townships: Recitals in Constable's Return.** The constable's return on a summons is part of the judgment roll, and its recitals of jurisdictional facts should be looked to in support of the justice's judgment; and hence a constable's return on a replevin writ, that it had been served on defendant in a township adjoining the one in which the suit was pending, was sufficient to establish the jurisdiction of the justice, under section 7399, Revised Statutes 1909, which requires

Barnes v. Plessner.

actions cognizable before justices to be brought before a justice of a township wherein defendant resides or an adjoining one. *Held*, by REYNOLDS, P. J., dissenting, that that part of the constable's return which stated the township in which the writ was served adjoined the township in which the suit was pending, was a statement made outside of the statute governing such returns (section 7425, Revised Statutes 1909), that the enrolling of the return gave it no additional force, and that the return could not be used to establish the jurisdiction of the justice; *held, further*, that the jurisdictional fact, that defendant resided in a township adjoining the one in which the suit was instituted, could be shown only by a recital in the justice's docket, and as that fact was not so shown, the justice had no jurisdiction.

3. ———: ———: ———: **Parol Evidence.** It is not necessary, in order to confer jurisdiction on a justice, under section 7399, Revised Statutes 1909, that the return of the constable or the docket entries of the justice show that defendant resided in the township wherein the suit was brought, or in an adjoining one, but it is sufficient if such fact be proved by evidence at the trial. [REYNOLDS, P. J., dissenting.]

4. ———: ———: ———: **Waiver by Appearance: Replevin.** A justice of the peace has jurisdiction of the subject-matter of a replevin suit involving property valued at twenty dollars, and although such a suit is not instituted in the township in which the defendant resides, or an adjoining one, if the defendant appears, he thereby waives the lack of jurisdiction over his person. *Held*, by REYNOLDS, P. J., dissenting, that a justice acquires no jurisdiction of a cause, under section 7399, Revised Statutes 1909, unless it be brought in the township in which the defendant resides, or an adjoining one, and hence the appearance of the defendant would not waive the lack of jurisdiction over the subject-matter.

5. **REPLEVIN: Possession of Defendant: Sufficiency of Evidence.** In an action to replevy household goods, evidence *held* sufficient to prove defendant was in possession of the goods at the time the suit was instituted and service was obtained.

Appeal from Scotland Circuit Court.—*Hon. Charles D. Stewart*, Judge.


AFFIRMED.

*Fogle, Pettingill & McKee* for appellant.

(1) The justice of the peace in this case had no jurisdiction, because the statement in the cause does not allege that the defendant resides in Liberty township, the place where the suit was commenced, or an adjoining township. Neither does the record show such fact. Sawyer v. Burris, 121 S. W. 321; Burris v. Leadwill, 6 Mo. App. 192; Patchen v. Durrett, 116 Mo. App. 437; State v. Metzger, 26 Mo. 65; Hansburgher v. Railroad, 43 Mo. 196; Haggard v. Railroad, 63 Mo. 302; Patrick v. Abeles, 27 Mo. 184; Grant v. Stubblefield, 138 Mo. App. 555. (2) Barnes cannot maintain this suit against Otto Plessner, the defendant, because at the time the suit was instituted Mrs. Plessner was in possession. In order to maintain a replevin suit against a defendant, he must, at the time the suit was instituted, be in possession. Davis v. Randolph, 3 Mo. App. 454; Haeger v. Marcus, 5 Mo. App. 565; Gulatha v. Walsten, 7 Mo. App. 66; Penn v. Brasher, 56 Mo. App. 24; Myers v. Lingenfelter, 81 Mo. App. 257; Rogers v. Davis, 21 Mo. App. 151; Feder v. Abrahams, 28 Mo. App. 454; Clark v. Sublette, 117 Mo. App. 522; Morrow v. Prior, 125 Mo. App. 344.

*S. W. Mills, A. D. Morris* and *Smoot & Smoot* for respondent.

(1) The evidence shows that the property was in the possession and under the control of the appellant, Plessner; that he had dominion over them; that he could have restored them to the owner Barnes. This is sufficient possession to maintain this action. Maloney v. Neville, 128 Mo. App. 616. (2) Appellant insists that the justice of the peace did not have jurisdiction to try the cause, and hence the appellate courts acquired none, because the statement in the case did not show upon its face that defendant resided in Chariton township. This is not necessary. If the record

anywhere shows his residence to be in Chariton township, this is sufficient. That is the record made by the bill of exceptions. Trimble & Fyfer v. Elkins, 88 Mo. App. 229; Grant v. Stubblefield, 138 Mo. App. 555.

NORTONI, J.—This is a suit in replevin, which originated before a justice of the peace in Schuyler county. Plaintiff recovered in the justice court and defendant appealed to the circuit court. Upon a trial in the circuit court, plaintiff recovered the second time, and defendant prosecuted an appeal to the Kansas City Court of Appeals. That court reversed the judgment and remanded the cause, to the end of allowing the constable to amend his return and show relevant facts pertaining to the jurisdiction of the justice. [See Barnes v. Plessner, 121 Mo. App. 677, 97 S. W. 626.] After the case was remanded to the circuit court, a change of venue was awarded to the circuit court of Scotland county, whereupon a trial being had, the finding and judgment again were for plaintiff, and defendant prosecuted an appeal therefrom to this court. This court reversed that judgment and remanded the cause, for error in the form of the verdict, as will appear by reference to Barnes v. Plessner, 137 Mo. App. 571, 119 S. W. 457. After such remand, another trial was had with the same result as the three preceding, that is, a verdict and judgment were given for plaintiff, and from this judgment defendant prosecutes the present appeal.

It is argued, first, that the judgment should be reversed because the record fails to show the justice of the peace before whom the suit was instituted and tried was possessed of jurisdiction over the same. As the court of a justice of the peace is an inferior tribunal, possessing only statutory and limited jurisdiction, it is frequently said that the facts authorizing it to proceed, that is, pertaining to its jurisdiction, must

appear somewhere on the face of its record.  There
are cases where jurisdiction is conferred upon the
justice of the peace, by statute, to hear and determine
a controversy between parties, though neither the
plaintiff nor defendant reside in the township of such
justice or in an adjoining township.  We contemplate
an action by attachment, which may be brought before
the justice of a township wherein the property of de-
fendants to be attached may be found, or in an ad-
joining township thereto, though neither of the par-
ties to the controversy reside in such township or the
one adjoining.  [See Sec. 7636, R. S. 1909.]   Where
such *locus in quo* of the property alone is relied upon
to confer jurisdiction on the justice court, the rule of
decision, requiring this jurisdictional fact to appear
on the face of the record of the justice, is adhered to
and enforced with much strictness, as will appear by
reference to the following authorities in point: Saw-
yer v. Burris, 141 Mo. App. 108, 121 S. W. 321; State
ex rel. v. Cunningham, 106 Mo. App. 58, 79 S. W. 1017;
Belshe v. Lamp, 91 Mo. App. 477.   But though such
be true as to cases of this character, the doctrine is
much relaxed with respect to the ordinary class of
cases falling within the jurisdiction of the justice,
when the essential jurisdictional facts appear in the
proof made in the case, though they are not shown on
the face of the record proper.   For instance, where it
appears in the proof that both plaintiff and defendant
reside in the same or an adjoining township in which
the suit is instituted, the matter of jurisdiction suffi-
ciently appears.   [Trimble v. Elkins, 88 Mo. App. 229-
236.]   Our statute (Sec. 7399, R. S. 1909) provides that
"Every action recognizable before a justice of the
peace shall be brought before some justice of the town-
ship, either:  First, wherein the defendants, or one
of them, resides, or in any adjoining township," etc.

The property involved in this controversy is a
small quantity of household furniture, valued at about

twenty dollars, and no one can doubt that the justice
of the peace is possessed of complete jurisdiction over
the subject-matter of a replevin suit for such prop-
erty, provided the suit is instituted in the court of a
justice of the township wherein the defendant resides
or in an adjoining township. It appears, beyond ques-
tion, from the evidence in the record, that both plain-
tiff and defendant resided in the town of Coatesville,
in Chariton township, Schuyler county, and the re-
plevin suit was instituted before a justice of the peace
of Liberty township, in the same county. There is
naught in the docket entries of the justice suggesting
the residence of either plaintiff or defendant, nor does
it appear therein that Liberty township, in which the
suit was instituted and tried, and Chariton township,
in which both plaintiff and defendant resided, ad-
joined. The docket of the justice, and the summons
itself for that matter, reveals that the summons and
writ were directed to the constable of Liberty town-
ship, and, from the return of the constable, it appears
that he served the writ on defendant in person in Char-
iton township, which township the return recites to be
an adjoining one. It is always competent to look at
the return of the constable on the summons in aid
of the proceeding, for it is parcel of the judgment roll.
If a jurisdictional fact appears from such return, it
is equally available in support of the judgment as if
it appeared from some other portion of the record,
for the whole record is to be viewed in support of the
jurisdiction of the justice. [See Sappington v. Lenz,
53 Mo. App. 44.] After the case was remanded by
the Kansas City Court of Appeals, the constable's re-
turn was amended, under an order of the circuit court,
to conform to the fact, and, as amended, it states in
plain terms that Chariton township, in which defend-
ant was served, adjoins Liberty township, in which
the suit was instituted, and that both townships are

162 App.—30

in the same county. This is of itself certainly suffi-
cient to support the jurisdiction of the justice, for, as
before said, the fact appears in the judgment roll.

Touching the matter of the residence of defend-
ant, it is not essential for that to appear on the docket
of the justice nor in the return of the constable. Such
is a fact which may be proved in the case by evidence,
as any other fact, and, if it appears from the evidence
that defendant resided, at the time the suit was insti-
tuted and the summons served, within the jurisdic-
tion of the justice, as defined by the statute—that is,
in the township of the justice or in an adjoining town-
ship—it will suffice. [See Trimble v. Elkins, 88 Mo.
App. 229.]

But, aside from this, the matter appears to be
one of jurisdiction over the person only, for as above
stated, the justice of the peace undoubtedly had juris-
diction over the subject-matter of the replevin suit,
and such being true, the matter of the jurisdiction of
the justice over the person of defendant was one which
could be waived. The authorities are multiplied to
the effect that where the justice has jurisdiction
over the subject-matter, that is, over the general
class of actions, the appearance of defendant be-
fore him operates a waiver as to that over his person.
[See Bohn v. Devlin, 28 Mo. 319; Meyer v. Ins. Co., 184
Mo. 481, 489, 83 S. W. 479; Trimble v. Elkins, 88 Mo.
App. 229; Smith v. Lyle Rock Co., 132 Mo. App. 297,
111 S. W. 831.] The transcript of the justice docket
before us recites that defendant appeared both per-
sonally and by attorney and contested plaintiff's case
at the trial before him in Liberty township, and this
being true, the matter of jurisdiction over his person
is certainly waived, provided the cases last cited de-
clare the sound law. But this, of course, is unimpor-
tant, for it sufficiently appears that defendant was
personally served and that he resided in a township
adjoining the one in which the suit was instituted.

We have examined the other arguments advanced for a reversal of the judgment and do not regard them as possessing sufficient merit to prolong the opinion. The only issue on the trial was as to whether or not defendant was in possession of the goods at the time the suit was instituted and service had upon him. There is an abundance of evidence tending to prove that he was, and the instructions fairly submitted the issue to the jury. Four juries have found the facts for plaintiff and the judgment should be affirmed. It is so ordered. *Caulfield, J.,* concurs; *Reynolds, P. J.,* dissents in separate opinion.

## DISSENTING OPINION.

REYNOLDS, P. J.—I am unable to agree to the above opinion.

First. Under section 7399, Revised Statutes 1909, which was section 3839, Revised Statutes 1899, the justices of the peace acquire no jurisdiction over the cause unless it has been brought either in the township wherein the defendant resides, or in any adjoining township. There are other provisions in that section but it is not necessary to notice them, as the only part of the section here involved is the above clause. This clause is jurisdictional not only of the person, but of the cause of action. Actions by attachment (section 7636), forcible entries and detainers (section 7659), enforcement of mechanics' liens (section 7749), and actions against railroads for killing stock are governed by statutes peculiar to them.

Under section 7758 justices of the peace are given jurisdiction in actions of replevin. It will be noticed that there is no specification of the township in which the action shall be brought, but the Kansas City Court of Appeals, in Dennis v. Bailey, 104 Mo. App. 638, l. c. 642, 78 S. W. 669, has said of this section, which is section 3900, Revised Statutes 1899, and in article

6 of chapter 43 of that revision, "that the jurisdiction conferred by section 3839 (now 7399), in no way is widened or extended by its provisions." It is further held in that case (1. c. 645) that as the justice of the peace lacked jurisdiction unless the cause was brought in the proper county, "the mere fact that the defendant appeared to the action and proceeded to the trial on the merits could not have the effect to waive the lack of jurisdiction any more than if the action had been that of slander, ejectment or some other of which the justice had no jurisdiction." I think that what is there said as to the county of the jurisdiction, applies equally to the township. Hence, as it does not appear that this action was brought in the township wherein the defendant resides or in an adjoining township, I do not think that the appearance of the defendant and his going to trial cured the lack of jurisdiction.

Second. But it is said that the return of the constable that he had served the summons on the defendant in Chariton township and that Chariton township was an adjoining township to Liberty township (the latter being the one in which the action was brought), has become part of the "judgment roll" and that this recital sustains the jurisdiction of the justice. I cannot agree to that. The return of the constable is governed by statute. Section 7425 provides that the person serving the summons "shall return thereon in writing the time and manner of the service and shall sign his name to such return." Any return which undertakes to go outside of stating the time and manner of service is outside of the statute and when such return undertakes to set out that the one township adjoins the other, it is a statement made outside of the statute, even if embraced in the "judgment roll." The judgment roll, by our statute (Revised Statutes 1909, sections 3853, 3852), consists of "the pleadings and other papers forming the record." As said by our Supreme Court in Tutt v. Couzins, 50 Mo. 152, 1. c.

154, this provision of the statute which requires the clerk to "attach the papers together after the determination of a case is simply for their preservation, and they constitute the roll of the judgments." But so enrolling a paper does not give it any more force than it had before its enrollment. If the constable by his return had set out matters not required of him by law, the mere enrollment of that return gave it no more force that it had when made and filed. He could state when and where and how he served it, but when he undertook to set out that the township in which the service was made adjoined that of the justice, he went beyond the statutory requirement. Suppose in his return the constable had falsely returned that one township adjoined the other, it could hardly be held in an action on his bond for a false return—that being the falsehood—that his sureties were liable. As there is nothing in the record, as I understand it, beyond this return, to show that the one township adjoins the other, and as even this return does not appear to have been in evidence, not holding however that if it had been in evidence it would have proved the relative situation of the township, and as I hold that the matter of the one township adjoining the other must be made to appear by the recital of that fact in the docket of the justice or by proof at the trial (Blankenship v. St. Louis & S. F. R. Co., 135 Mo. App. 338, 115 S. W. 1027), I think this judgment should be reversed and the cause remanded.